(83 App. Div. 184.)

### McGARRIGLE v. McCOSKER.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—SERVANT'S ACTION FOR.
BREACH—PREVIOUS ORAL NEGOTIATIONS—ADMISSIBILITY OF EVIDENCE.

In a salesman's action for breach of contract of employment, he
testified that defendant told him that if he would sign a contract he
would give him a bonus; and plaintiff's son also testified that defendant
said, "If you sign a contract for me for employment, * * * I will
make you a present of $1,000." The written contract of employment
was introduced, and appeared to be complete, but contained no mention.
of the bonus. *Held*, that the evidence was inadmissible.

2. SAME—SERVANT'S ILLNESS—BREACH OF CONTRACT.

A salesman cannot recover, on his contract of employment, either
for insufficient wages paid him by his employer's assignee for creditors.
during the latter's custody of the business, or for damages resulting
from a discharge, where illness has necessitated his absence from work
for two weeks immediately preceding the discharge.

Appeal from Trial Term, Kings County.

Action by John McGarrigle against David McCosker. From a.
judgment for defendant entered on a dismissal of plaintiff's first cause
of action at the close of the evidence, plaintiff appeals; and from a
judgment for plaintiff on the second cause of action, defendant ap-
peals. Affirmed on plaintiff's appeal, and reversed on defendant's.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, HIRSCHBERG, and HOOKER, JJ.

Thomas F. Magner, for plaintiff.
Almet Reed Latson, for defendant.

HOOKER, J. The complaint contains two causes of action. The
first is to the effect that on the 4th day of May, 1898, the defendant
agreed with the plaintiff, in consideration of the plaintiff making and
executing a contract to give his services to the defendant as salesman
for a term of five years, at a compensation fixed by the terms of
said contract, to pay him the sum of $333 in cash, and place to plain-
tiff's credit merchandise and stock in defendant's business of the
value of $1,000, payable in cash on demand; that the plaintiff per-
formed all the terms of the agreement on his part; that defendant
has failed to make the payments; and that, by reason of the premises,.
defendant is indebted. The second cause of action alleges that on or
about the same day the defendant entered into an agreement in writ-
ing with the plaintiff by which it was agreed that defendant should
employ the plaintiff as salesman for the period of five years, for which
services defendant agreed to pay $50 weekly during the continuance

¶ 2. See Master and Servant, vol. 34, Cent. Dig. §§ 27, 30, 31.

of the agreement; that the plaintiff agreed to serve for that period, in the capacity named, at the compensation stated; that he entered upon the service, and that on the 31st day of January, 1901, without fault on his part, he was wrongfully discharged by the defendant; and that by reason of defendant's conduct he has suffered damage, by way of unpaid salary due and to grow due under the agreement, in the sum of upwards of $7,000. At the close of the evidence the first cause of action was dismissed, and the issues tendered upon the second cause of action were presented to the jury, which rendered a verdict in plaintiff's favor in the sum of $2,125. The plaintiff appeals from so much of the judgment as dismisses his first cause of action, and from the order denying his motion to set aside the dismissal, and for a new trial of the same. The defendant appeals from so much of the judgment as awards damages against him, and from the order denying his motion to set aside the verdict and for a new trial.

The plaintiff testified that, about the time defendant dissolved with a former partner, he had a conversation with the defendant about future employment. He was then asked the question: "Tell us who was present and what was the conversation between you at that time?" This was objected to by the defendant on the ground that the contract was in writing, and was the best evidence of the relations of the parties. The objection was, however, overruled, and the plaintiff answered: "He told me, if I would sign a contract for him, that he would give me a bonus of $1,000; and he said, in the event of Mr. Molloy not taking a certain class of linens out of the store, he would divide $1,000 between three men in that contract." The contract itself was then offered in evidence by the plaintiff, which, upon inspection, appears to be a complete agreement between the defendant and the plaintiff and two other parties thereto, each named as a separate party, by the terms of which, among other things, the plaintiff agreed to perform services as salesman for the defendant in his certain business for a period of five years, and the defendant, on his part, agreed to employ the plaintiff for five years, and pay him a salary of $50 per week, in addition to certain percentages on anticipated profits. The defendant then moved to strike out the plaintiff's evidence of the conversation between the parties prior to the contract. This motion was denied and defendant excepted.

The plaintiff's son, who, according to his evidence, heard the conversation testified to, was called as a witness, and said that the conversation which took place between the plaintiff and defendant prior to the execution of the contract was: "He [the defendant] said, 'If you sign a contract for me for employment on the terms, I will make you a present of $1,000.' My father said he thought he would accept it, and Mr. McCosker went home." The defendant moved to strike out this evidence on the same grounds as those previously stated, but his motion was denied.

The foregoing is the evidence upon which the plaintiff relies to substantiate his first cause of action. The court, in dismissing the first cause of action at the close of the evidence, did not, in terms, strike out the evidence which we have quoted, but his ruling might properly have been based upon the view that the evidence should go

out. In any event, the result was proper. The plaintiff asks us to hold, as matter of law, that an agreement to enter into a contract will support a promise to pay a consideration therefor, independent of the consideration supporting the principal contract. We are not called upon to determine that question in this case, and therefore express no opinion in relation thereto. It is sufficient to say that the evidence introduced on behalf of the plaintiff in relation to the bonus was not so clear and unequivocal as to indicate an intention of the parties to enter into a separate and independent contract, by the terms of which the defendant was to pay the plaintiff a certain sum of money in consideration of the plaintiff's signing the contract of service. In the face of the rule which excludes parol evidence to alter or vary the terms of a written instrument, it cannot be said, with that degree of certainty which is required in dealing with this class of cases, from the evidence of the plaintiff and his son, that the agreement to pay $1,000 was not a part of the consideration of the contract. The court would have committed an error if it had allowed that evidence, to which objection was taken, to remain in the case. Without that evidence, the first cause of action must fall. In recent years the Court of Appeals has, in careful language, established the rules governing the admission of parol evidence in connection with a written contract. To permit its introduction, "the writing must not appear upon inspection to be a complete contract, embracing all the particulars necessary to make a perfect agreement, and designed to express the whole arrangement between the parties, for in such a case it is conclusively presumed to embrace the entire contract." Thomas v. Scutt, 127 N. Y. 133, 138, 27 N. E. 961; Stowell v. Greenwich Ins. Co., 163 N. Y. 298, 305, 57 N. E. 480; Jamestown Business College Ass'n v. Allen, 172 N. Y. 292, 295, 64 N. E. 952; Mead v. Dunlevie, 174 N. Y. 108, 109, 66 N. E. 658. The rule has also been established in this language:

"If, upon inspection and. study of the writing, read, it may be, in the light of surrounding circumstances, in order to its proper understanding and interpretation, it appears to contain the engagements of the parties, and to define the object and measure the extent of such engagement, it constitutes the contract between them, and is presumed to contain the whole of that contract." Eighmie v. Taylor, 98 N. Y. 288, 294; Engelhorn v. Reitlinger, 122 N. Y. 76, 25 N. E. 297, 9 L. R. A. 548.

The plaintiff went to work for the defendant, pursuant to the contract, soon after its execution, and within a few weeks thereafter defendant made an assignment for the benefit of the creditors. Upon defendant's solicitation, plaintiff stayed with the assignee, and rendered to him the same character of services he had contracted to give to the plaintiff, but from the assignee he received only the sum of $25 per.week. This continued from the 30th day of July, 1898, to the 30th of August, 1899, when the defendant, having paid all of his creditors in full, reassumed the management of the business, and plaintiff continued in his employ. From that time until the last of January, 1901, the full sum of $50 per week was paid to the plaintiff, and at that time he was discharged. It appears undisputed in the evidence that he had been ill for something over two weeks before his discharge, and between August, 1899, and February, 1901, he had

been absent two or three weeks at a time on account of illness. The defendant contends. that the failure of the plaintiff to render the services during the time of his illness in February, 1901, as a matter of law, was a breach of the contract on his part, and excused the defendant from longer carrying out its terms. It is an elementary proposition that one must show a performance before he becomes entitled to recovery for breach of a contract. Plaintiff's illness, although through no fault of his own, deprived the defendant of something for which he had contracted; and it cannot be said that a master must wait upon the condition of his servant's health, unreasonably, to avoid suffering any damages in an action against him for a breach of contract. The second cause of action in plaintiff's complaint is based entirely upon the written contract of employment, and, to entitle the plaintiff to recover the salary he did not receive during the administration of the assignee, or any sums of money as salary to become due after the month of February, 1901, it was incumbent upon him to show a substantial performance, or a waiver of it on defendant's part. Wolfe v. Howes, 20 N. Y. 197, 75 Am. Dec. 388; O'Leary v. Board of Education of City of N. Y., 93 N. Y. 1, 45 Am. Rep. 156; Wood on Master & Servant (2d Ed.) § 122. This the plaintiff has not done.

What the plaintiff's rights might be in an action on quantum meruit for the services rendered during the period of the assignment, we are not called upon here to decide. It is apparent, however, that in the state of proof to support this cause of action, based upon the contract, the defendant should have succeeded in his motion to dismiss the complaint.

These views lead to the conclusion that the judgment, so far as appealed from by the plaintiff, must be affirmed, and so far as appealed from by the defendant reversed, and new trial granted; costs to abide the event. All concur.