(118 App. Div. 194)

HEYN v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Division, First Department.   March 8, 1907.)

INSURANCE—INSURANCE AGENTS—CONTRACT OF AGENCY—CONSTRUCTION.

A contract between a life insurance company and an agent contained a
printed clause to the effect that the agent should be allowed a commis-
sion on renewal cash premiums, which should, during his continuance as
agent, be obtained or paid to the company, up to and including a certain
year of insurance, should his agency continue so long, and the next clause,
which was typewritten and applicable to every year that the agency con-
tract should remain in force, provided in substance that, if in any year
the agent should procure new insurance amounting to a specified amount,
he should be entitled to a certain per cent. on the renewal premiums of
such policies so written as should renew for the second year of insurance.
Held, that the two clauses should be read together, and the agent was not
entitled to collect commissions on renewal premiums received by the com-
pany after the termination of the agency.

Action by Otto P. Heyn against the New York Life Insurance
Company. Controversy submitted on agreed facts pursuant to Code
Civ. Proc. § 1279. Judgment for defendant.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGH-
TON, SCOTT, and LAMBERT, JJ.

Laurence A. Tanzer, for plaintiff.

John K. Clark, for defendant.

SCOTT, J. The matter in controversy between the parties comes
before the court upon the submission of an agreed state of facts.

The plaintiff was an agent of the defendant under a contract dated
September 15, 1896, and was for an indeterminate period, and was
terminated by the defendant on June 15, 1905. The question involved
is as to plaintiff's right to receive commissions upon renewal premiums
paid to and received by the defendant after the termination of the con-
tract upon policies secured by plaintiff while the contract was in
existence. The rule generally applicable to such cases is well settled
by authority, and is not questioned by either party to this controversy.
It is that, in the absence of any stipulation or agreement limiting the
agent's commissions to premiums received by the company during the
continuance of his agency, he is entitled to renewal premiums received
after the termination of his agency upon policies written during its
continuance. Hercules Mut. Life Ins. Co. v. Brinker, 77 N. Y.
435; Hale v. Brooklyn Life Ins. Co., 46 Hun, 274, affirmed 120 N. Y.
294, 24 N. E. 317. It is open to parties, of course, to make any agree-
ment upon the subject they may see fit, and it becomes our duty to ex-
amine the contract between these parties to ascertain whether they
have made any special agreement respecting renewal commissions,
which takes this case out of the operation of the general rule above
stated.

The contract contains two clauses relating to the payment of com-
missions. The twentieth clause, which is printed, reads as follows:

"20th. It is agreed that said party of the second part [the plaintiff herein]
shall be allowed under this agreement the following compensation only, unless
otherwise expressly stipulated in writing, namely:  a commission on the orig-

inal or renewal cash premiums which shall during his continuance as such agent of the said party of the first part [the defendant herein] be obtained, collected, paid to and received by said party of the first part up to and including the —————— year of assurance (should his agency continue so long) on policies of insurance effected with said party of the first part, by or through said party of the second part, which said commission shall be at and after the following rates."

Then follows a table showing the rate of original commissions to be paid on various claims or kinds of policies.

It is to be observed that this clause, while it evidently contemplates the payment of commissions upon renewal premiums, is careful to limit them to such premiums as shall be received by the company during the continuance of the plaintiff's agency. It does not, however, specify either the amount of the commission to be paid upon renewals nor the number of years for which such commissions shall be paid. That omission is supplied by the twenty-first clause, which is typewritten, and which originally applied only to the first year of plaintiff's agency, but was extended by agreement so as to apply to every year that the agency contract remained in force. It provides, in substance, that if in any year the party of the second part should secure new insurance on the plans designated in section 20, "subject to all terms and conditions of said section," amounting to the sum of $15,000, upon which the first cash premium was paid, the plaintiff should be entitled to a commission of 5 per cent. upon such renewal premiums in such policies so written as should renew for the second year of assurance, and for every additional $15,000 procured as aforesaid said renewal shall be extended to include an additional year of assurance.

The obvious meaning of this clause is that the number of years during which plaintiff was to be paid a commission on renewals was to be determined by the volume or amount of business influenced and procured by him. Standing by itself this clause would undoubtedly entitle the plaintiff to be paid a commission on renewals according to its terms, without regard to the termination or continuance of his agency. We do not think, however, that we are at liberty to so construe the contract; but that we must read clauses 20 and 21 together in order to arrive at the true intent of the parties. So reading, then, it is plain that the plaintiff was entitled to collect commissions only upon such renewal premiums as were paid to and received by the company during the continuance of the agency. Such is the clear and unmistakable language of section 20, and there is nothing in section 21 expressly to the contrary. In section 20 there is left a blank space with reference to the number of years during which commissions upon renewals were to be paid. If that blank had been filled up with any definite number, it would have been too plain for argument that the right to receive commissions upon renewals was limited by the term of the agency. Section 21 in effect fills up that blank, and imposes a further limitation upon the right to receive renewal commissions, in that the period during which they shall become due is limited by the amount of insurance written. We find nothing in clause 21 which contradicts or abrogates the specific provisions of clause 20, that whatever commissions plaintiff may be entitled to shall be limited to premiums received during the continuance of his agency, and

therefore, following well established rules of construction, we must give full effect to both clauses.

It follows that there must be judgment for the defendant dismissing plaintiff's claim, with costs. All concur.