The learned surrogate took the view that the proceedings were barred by limitation of time, in that, pursuant to the provisions of section 2726 of the Code of Civil Procedure, the surrogate might have compelled a judicial settlement of the account of Solomon Lesser, as administrator, immediately after the expiration of one year from the day letters were granted to him, to wit, the 18th day of February, 1895, and that such a proceeding must be commenced within ten years after the right to such an accounting accrued. Code Civ. Proc. §§ 388, 3333. The appellant's right to compel an accounting by the administrator of the estate of Solomon Lesser had not been barred by the limitation of time at the time his petition was presented, and the order should be reversed. Section 2606 of the Code of Civil Procedure provides:

"Where an * * * administrator * * * dies, the Surrogate's Court has the same jurisdiction, upon the petition of his successor, * * * to compel the executor or administrator of the decedent to account, which it would have against the decedent if his letters have been revoked by a surrogate's decree."

It was held in Matter of Rogers, 153 N. Y. 316, 47 N. E. 589, that the right of the successor of a deceased executor to compel an accounting under the provisions of this section is not barred until after the expiration of ten years from the appointment of the new administrator. The reasons for the rule are fully stated in the opinion in that case, and they require that the order appealed from should be reversed.

Order of the Surrogate's Court of Kings county reversed, with costs, and proceedings remitted to the surrogate, to be disposed of in accordance with the opinion. All concur, except HIRSCHBERG, P. J., who dissents.

---

(119 App. Div. 496)

## WIGHTMAN v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. May 10, 1907.)

1. EVIDENCE—VARYING CONTRACT BY PAROL.
　　Where a written contract of employment of plaintiff as an insurance agent makes no other reference to continuance thereof, except in the provision that, if plaintiff "secures during the first 12 months of the continuance of this agreement new insurance," etc., consistent only with a contract of indefinite duration, subject to revocation at any time, parol evidence of conversations prior to the making of the contract is not admissible to show it was for a year.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 1770.]

2. INSURANCE—CONTRACT OF AGENCY—RENEWALS.
　　Though the contract of employment of plaintiff as an insurance agent was for a year, its termination within such time gives no right of recovery on the ground of loss of renewal premiums; commissions on renewal premiums being limited by the contract to those received during his continuance as agent, and it being necessary that he be such agent more than a year before any could be received.

Appeal from Trial Term, Westchester County.

Action by Richard Wightman against the New York Life Insurance Company. From a judgment for plaintiff, and from an order denying

a motion for new trial on the minutes, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

James H. McIntosh, for appellant.
Arthur M. Johnson, for respondent.

WOODWARD, J.   Unless this court is to sanction the doctrine that a written contract, made for the purpose of expressing the agreement between parties, and which is in no wise ambiguous, may be completely changed in its scope by parol evidence and the verdict of a jury, the judgment and order appealed from must be reversed.

The plaintiff in this action had for a number of years acted as agent of the defendant in the soliciting of insurance under the provisions of a written contract.   Some time prior to the 30th day of January, 1903, the plaintiff originated a scheme of securing insurance through the medium of advertisements inserted in the "Outlook" and other publications of general circulation, and it is not disputed that in December, 1902, a certain draft of an advertisement for this purpose was approved by the defendant, through some of its principal executive officers.   The advertisements resulted in a large number of applications, and the scheme seemed feasible, and it is not questioned that the contract involved in this action was made and entered into in view of the changed conditions; but the difficulty is that the contract, as reduced to writing and introduced in evidence by the plaintiff, does not sustain the plaintiff's recovery, and it is only by the reception of evidence as to conversations which concededly occurred prior to the making of the contract, and which essentially disregard the conditions of the written contract, that any possible basis is laid for the recovery. The complaint alleges that:

"On or about the 30th day of January, 1903, the defendant entered into an agreement with the plaintiff, by which it was agreed, among other things, that the plaintiff should conduct said business by said means, as the agent of the defendant in canvassing for, soliciting, and securing such applications within the United States for the period of one year from such date, and that the defendant would accept all such proper applications so secured by the plaintiff and write and issue policies thereon for and during such period of one year."

But when, under the denials of the defendant, the plaintiff introduced in evidence the written contract, covering nine pages of the printed record, with 25 subdivisions going into detail, to substantiate this allegation, there seems to us to have been a complete lack of evidence to support the allegation that this contract was for one year, or for any other definite time.   There is as much reason for saying that it is a contract for five or ten years as there is that it is a contract for one year; for in section 24, which was concededly a typewritten portion of the contract, made upon one of the company's customary printed blanks for the creating of agencies, it is provided that "if said party of the second part (the plaintiff) secures, during the first 12 calendar months of the continuance of this agreement, new insurance," etc., plainly indicating that it was within the contemplation of the parties

that the contract was likely to continue indefinitely. It would be absurd to say, in a contract limited to one year, that business done in the "first 12 calendar months of the continuance of this contract" should be subject to certain conditions, yet this is the only clause in the entire contract which makes any reference to a limitation of one year. This language is only consistent with a contract of indefinite duration; but the learned court at the trial permitted the introduction of parol testimony, over the objection and exception of the defendant, and then permitted the jury to say whether this was, in fact, a contract for one year—the only other construction possible being that it was a contract at will and subject to revocation at any time.

It seems to us that it was clearly the duty of the court to construe this contract, and that it was error to deny the defendant's motion to dismiss the complaint upon the merits, or to direct a verdict for the defendant; for, if the contract was not a contract for a single year (and this is the sole claim of the plaintiff), the defendant had a right to terminate it at any time. The contract having been reduced to writing, it is conclusively presumed to have merged all previous conversations leading up to the agreement of the minds of the parties, and parol evidence is clearly inadmissible to vary the terms of the contract as expressed in the writing. But in regard to the matter immediately under consideration there is nothing in the testimony received which can be tortured into a limitation upon the time which this contract was to be in force, certainly nothing which fixes upon the period of one year, and the judgment must stand, if at all, upon the verdict of the jury that it was a contract for a single year; for no other time limit is suggested or urged, and no other limit was submitted to the jury. It was either a contract for a single year, or it was a contract at will, and as the written contract itself does not, in express language or by necessary implication, fix upon one year as the time during which the parties are to be bound, and there is no evidence outside of the written contract, even assuming it to be competent, which would change or add to the contract in this respect, we are irresistibly led to the conclusion that there was error in the denial of the motion to dismiss. In Martin v. Insurance Co., 148 N. Y. 117, 42 N. E. 416, it was held that where one was hired for an indefinite time, although at an annual rate of compensation, the employment was at will, and could be terminated at any time by either party; and this doctrine was applied in Outerbridge v. Campbell, 87 App. Div. 597, 84 N. Y. Supp. 537, in the case of an exclusive agency for the sale of certain produce in the state of New York, where no term was fixed in the contract. It is not contended by the respondent that there is any doubt about the law as to a contract at will, and his reliance is entirely upon the proposition that this was a contract limited in time to one year.

But if it be assumed that this is a contract limited to the period of one year, then it was error on the part of the court to permit, over the objection and exception of the defendant, testimony as to the damages sustained by reason of the loss of renewal premiums; for commissions on renewal premiums were, by the express terms of the written contract, limited to those which should be received by the

company during the plaintiff's continuance as said agent, and he could not continue as their agent, under the contract, longer than for a period of one year, under their own mistaken construction of the contract, and there could obviously be no renewal premiums for second and third or other years received by the defendant during the single year of the contract life, and the defendant has certainly elected to terminate the contract. This question has recently been before the Appellate Division in the First Department, under a contract which cannot be distinguished from the one here involved, and it was held that the right to renewal premiums depended upon the plaintiff continuing as the agent of the company. Heyn v. New York Life Ins. Co. (decided February term, not yet officially reported) 103 N. Y. Supp. 20. As the contract does not extend, under the plaintiff's own contention, beyond one year, he is not entitled to renewal commissions, and it was error to admit evidence as to the probable value of such commissions.

The judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.