(121 App. Div. 18)

ALDRICH v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Division. Fourth Department.   July 9, 1907.)

1. INSURANCE—AGENT FOR INSURER—TERMINATION OF AGENCY—RIGHT TO RE-
   VOKE.
       Where an insurance company hired an agent to solicit insurance, but
   no time was fixed for the continuation of the employment, it was subject
   to termination at the company's election.

2. SAME—COMMISSIONS—CONSTRUCTION OF CONTRACT.
       A contract between a life insurance company and an agent provided
   that the agent should be allowed as compensation only a commission on
   the original or renewal cash premiums which should, during his continu--
   ance as agent, be obtained or paid to the company up to and including a
   certain year of insurance, should his agency continue so long.   It further
   provided, in sections designated to guard against the failure to transmit
   funds collected by the agent, or the withholding of the company's money,
   policies, or receipts in his custody after demand made, that such "derelic-
   tion should work a forfeiture to the company unconditionally of all
   claims accrued or to accrue under the agreement to the agent, and, if the
   agent sold policies at any reduction from the regular table rates, the sale
   should immediately terminate the agreement and work a forfeiture of the
   agent's rights and interests thereunder.   Another section, intended to in-
   sure the confidential character of the agreement, stipulated that a viola-
   tion of the clause should work a forfeiture of the same and all the bene-
   fits thereunder.   *Held*, that under the contract the agent was not entitled
   to commissions on renewal premiums received by the company after the
   termination of the agency.
       [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 112.]·

Appeal from Special Term, Jefferson County.

Action by Llewellyn M. Aldrich against the New York Life Insur-
ance Company.   From a judgment for plaintiff, defendant appeals.
Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

G. S. McCartin, for appellant.
J. F. La Rue, for respondent.

SPRING, J.   In February, 1898, the parties entered into a writ-
ten agreement by which the defendant employed the plaintiff as its
agent to canvass for applications for life insurance in its behalf.   The
plaintiff continued in this employment until July 16, 1903, when the
agreement was terminated by the defendant.   There was no definite
term to the agency—a mere hiring at will—and the defendant had the
right to end it, therefore, at its election.   Martin v. New York Life
Ins. Co., 148 N. Y. 117, 42 N. E. 416; Outerbridge v. Campbell, 87
App. Div. 597, 84 N. Y. Supp. 537.

The contract provided that the plaintiff should devote his time and
energies exclusively to the business of the defendant.   Some friction
arose over the contention that the plaintiff was not fulfilling this cove-
nant of the agreement, but the court has found that the defendant
waived strict compliance with the provision.   The reason assigned
by the defendant for the termination of the agreement was that the
plaintiff "was not producing business."   The referee has found as a

fact that this reason was not correct. It is unimportant, inasmuch as the defendant possessed the right to terminate the agency whenever it saw fit. The rate of compensation to be paid the plaintiff was prescribed in the agreement, which was a fixed percentage on the business produced by him. After his discharge the plaintiff commenced this action to recover commissions on the renewals of the policies issued upon applications procured by him, and also for damages by reason of the cancellation of the agreement. The court held he was not entitled to recover damages sustained by him because of the termination of the agreement, and no appeal has been taken by the plaintiff from that decision.

The referee allowed the plaintiff for commissions on the renewal policies to the date of the commencement of the action, the amount of which was not in controversy. The right to these commissions is disputed by the appellant. The plaintiff concededly was paid up to the time of the termination of the agreement, so that the only question involved is as to commissions accruing after the agency had ended. The rule seems to be settled that, where there is no agreement fixing the rights of the parties, the agent, who has procured applications for life insurance upon which policies have been issued, is entitled to commissions upon the renewal premiums, even though his agency with the company has ceased. H. M. L. A. S. of U. S. v. Brinker, 77 N. Y. 435; Hale v. Brooklyn L. Ins. Co., 120 N. Y. 294, 24 N. E. 317. The parties, however, had the right to fix this matter by agreement, and we think it is clear that this was accomplished in this case.

The contract by which the agency was created is a long one. The twenty-first provision reads as follows:

"It is agreed that said party of the second part shall be allowed under this agreement the following compensations only, unless otherwise expressly stipulated in writing, namely: A commission on the original or renewal cash premiums which shall, during his continuance as said agent of said party of the first part, be obtained, collected, paid to and received by said party of the first part up to and including the sixth year of assurance (should his agency continue so long) on policies of insurance effected with said party of the second part, which commissions shall be at and after the following terms."

Following this is a table adjusting the rates of compensation. It is admitted by the counsel for the respondent that, if this provision is to obtain, the plaintiff is not entitled to any commission on the renewal premiums accruing after the termination of his agency. It is his contention, however, that there are other provisions in the contract modifying this paragraph, and that the whole contract must be construed together; and, as a whole, it indicates no intention on the part of the parties to it to limit the commissions to the life of the agency. The sections of the policy to which he refers are 5, 16, and 20. Section 5 is designed to guard against the failure to transmit funds collected by the plaintiff in his capacity as agent, or the withholding of its money, policies, or receipts in his custody after demand made, and declares that:

"Such dereliction shall work a forfeiture to said party of the first part, unconditionally, of all claims whatsoever accrued or to accrue under this agreement to said party of the second part."

Section 16 provides that, if the plaintiff shall sell policies of insurance "at any reduction from the regular table 1ates," the sale shall immediately terminate the agreement "and a forfeiture of rights and interest hereunder to said party of the first part." Section 20 is intended to insure the confidential character of the agreement, and stipulates that a violation of the clause is "under penalty of forfeiture of the same and all the benefits thereunder." These provisions relate to distinct offenses or infractions of the agreement, or the agency created by it, and the penalty in each instance is prescribed. The purpose is to forfeit all interest of the plaintiff, either accrued or to accrue, if he disregards any of the provisions contained in these three sections. There is nothing in any of them which pares down the effect of section 21. That provision is the general one regulating the compensation to which he is entitled, and in unequivocal language cuts it off unqualifiedly with the ending of the agency. There are two or three other sections, notably 22 and 23, relating to commissions, but they pertain to special subjects. Section 23 is explicitly made "subject to all the terms and conditions of" section 21, and each of them recognizes section 21 as the general one governing compensation. In 1903 the agreement was modified in relation to commissions, but it explicitly provided that it was made "subject to all the terms and conditions of said agreement."

This subject has recently been up for review in Heyn v. N. Y. L. Ins. Co., 103 N. Y. Supp. 20, 118 App. Div. 194. In that case a like provision in a similar contract of this defendant was construed by that court. It was there contended that other provisions in the contract limited the effect of the paragraph referred to. The court unanimously held otherwise, and that the parties by their own agreement had made the commissions on renewals to end when the agency terminated. In Wightman v. N. Y. L. Ins. Co., 104 N. Y. Supp. 214 (June 3, 1907), the Appellate Division of the Second Department, in construing a like provision, followed the Heyn Case, referred to. These cases are decisive of the present one, and require a reversal of the judgment. See, also, Butler v. N. Y. Life Ins. Co. (Wash.) 87 Pac. 1119.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.