GIBNEY v. NATIONAL JEWELERS' BOARD OF TRADE.

(Supreme Court, Appellate Term, First Department.  December 4, 1913.)

1. MASTER AND SERVANT (§ 30*)—DISCHARGE—JUSTIFICATION—UNEXPLAINED ABSENCE.

An employer was justified in discharging an employé hired at will for his unexplained absence from work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 30–36; Dec. Dig. § 30.*]

2. MASTER AND SERVANT (§ 20*)—HIRING AT WILL.

There was a mere hiring at will, where the employé's salary was calculated on a semimonthly basis, so that he could leave or be discharged at any time.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 19; Dec. Dig. § 20.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Eugene Gibney against the National Jewelers' Board of Trade.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Beekman, Menken & Griscom, of New York City (William C. Armstrong, of New York City, of counsel), for appellant.

San & Eisner, of New York City, for respondent.

GUY, J.  This action was brought for the breach of an alleged contract to hire the plaintiff as a correspondent in defendant's bankruptcy department from month to month at a salary of $90 a month.  The plaintiff claimed to have been hired about October 15, 1912, and he

---

was discharged on April 4, 1913. The answer denied the material allegations of the complaint.

[1] Accepting plaintiff's view of the causes of his illness, the weight of evidence is that he was an unsatisfactory employé, because of his unexplained absence following pay day, whom defendant was justified in discharging. Jerome v. Queen City Cycle Co., 163 N. Y. 351, 356, 357, 57 N. E. 485; McGarrigle v. McCosker, 83 App. Div. 184, 188, 82 N. Y. Supp. 494, affirmed 178 N. Y. 637, 71 N. E. 1133.

[2] It is established by a strong preponderance of evidence that plaintiff's employment was a hiring at will; his salary being calculated on a semimonthly basis. He had a right to leave and the defendant had a right to discharge him at any time. Watson v. Gugino, 204 N. Y. 535, 541, 98 N. E. 18, 39 L. R. A. (N. S.) 1090, Ann. Cas. 1913D, 215; Aldrich v. N. Y. Life Ins. Co., 121 App. Div. 18, 105 N. Y. Supp. 493; Martin v. Insurance Co., 148 N. Y. 117, 121, 42 N. E. 416; Wightman v. N. Y. Life Ins. Co., 119 App. Div. 496, 498, 499, 104 N. Y. Supp. 214.

Judgment reversed, and a new trial granted, with costs to the appellant to abide the event All concur.