LLEWELLYN M. ALDRICH, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant.

First Department, June 16, 1922.

**Principal and agent — action by life insurance agent to recover commissions on renewal premiums paid after discharge — decision in prior action for commissions on prior renewal premiums law of case as to construction of contract — subsequent decision of Court of Appeals on similar contract did not overrule prior decision.**

In an action by a life insurance agent to recover commissions on renewal premiums which were paid after he was discharged by the defendant, it appeared that his contract of employment provided that he should be entitled to " a commission on the original or renewal cash premiums which shall, during his continuance as said Agent * * * be obtained, collected, paid to and received by " the defendant; that after his discharge he instituted an action to recover commissions on renewal premiums from the date of his discharge to the commencement of the action and the complaint was amended to include renewal premiums to the time of the trial, and on appeal the judgment in his favor was reversed on the ground that the defendant was at liberty to discharge the plaintiff at will and that by virtue of the terms of the contract the plaintiff was only entitled to commissions on renewal premiums received by the defendant during the term of his employment. On a new trial of that action judgment was taken by default dismissing the complaint upon the merits and, after the commencement of this action, the plaintiff moved to amend that judgment *nunc pro tunc* by striking out the words " upon the merits," and his motion was granted upon condition that he pay the costs of the action and of the motion, but he failed so to do.

*Held,* that the decision of the Appellate Division in the prior case is the law of the case with respect to the construction of the contract sued on in this action.

The decision of the Appellate Division in the former case was not in effect overruled by a later decision of the Court of Appeals in another case in which a similar contract was under construction, for in that case the contract did not limit the plaintiff to commissions on renewal premiums received during the term of his employment.

APPEAL by the defendant, New York Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of May, 1921, upon the decision of the court, rendered after a trial at the New York Trial Term, a jury having been waived.

*James H. McIntosh [Louis H. Cooke* of counsel], for the appellant.

*Percy L. Klock,* for the respondent.

LAUGHLIN, J.:

The recovery was for renewal commissions alleged to have been due and owing to the plaintiff under and by virtue of an agreement in writing made between the parties on the 28th day of February, 1898. Defendant by the contract appointed the plaintiff its agent for the purpose of canvassing for applications for assurance on lives of individuals and performing such other duties in connection therewith as its officers might require and the plaintiff became obligated thereby to act exclusively as agent for the defendant and to devote his entire time, talents and energies to the business of the agency. The contract contained no express provision with respect to the period of plaintiff's employment or with respect to his discharge. It did, however, contain various provisions prescribing his duties and provided that in the event that he failed to perform them, or to observe all of his obligations under the contract, his rights thereunder should terminate and he would forfeit all claims accrued or to accrue thereunder.

Plaintiff entered upon the performance of the contract and continued to perform his duties thereunder until the 16th of July, 1903, when he was discharged. Plaintiff alleged that he was discharged without cause; but he presented no evidence in support of that allegation and it was assumed on the trial and on the argument on the appeal that the contract authorized the discharge. On the 27th of April, 1903, the defendant, through its fourth vice-president, wrote the plaintiff, stating, in effect, that during the year ending February 27, 1902, he had obtained policies for the defendant aggregating $233,500, and would be entitled to a renewal commission of five per cent on the renewal premiums on

said policies for the seventh, eighth, ninth, tenth and eleventh years, subject to all of the terms and conditions of the agreement between the parties. This action was commenced on the 27th of September, 1917, and is to recover commissions on renewal premiums paid to the defendant between the 10th of February, 1904, and the 27th of February, 1912, on policies obtained by the plaintiff. On the 10th of February, 1904, plaintiff commenced an action against the defendant in the Supreme Court, Jefferson county, to recover commissions on renewal premiums received by the defendant between the date of his discharge and the commencement of that action on policies obtained by him and also to recover $5,000 damages for the alleged wrongful discharge. That action was tried before a referee in the month of January, 1906, and on the trial the complaint was amended to include commissions on renewal premiums received by the defendant down to the time of the trial. On the 6th of December, 1906, the referee reported in favor of the plaintiff, and upon the report judgment was entered on the fourteenth of that month against the defendant for the sum of $1,393.08, which was for the commissions claimed by the plaintiff under the complaint as thus amended. The judgment was reversed by the Appellate Division, following *Heyn* v. *New York Life Ins. Co.* (118 App. Div. 194) and *Wightman* v. *New York Life Ins. Co.* (119 id. 496), and a new trial granted on the ground that since the employment was for no definite term, the defendant was at liberty to discharge the plaintiff at will and that by virtue of the terms of the contract plaintiff was only entitled to commissions on renewal premiums received by the defendant during the term of his employment. (*Aldrich* v. *New York Life Ins. Co.*, 121 App. Div. 18.) The issues in that action were again reached for trial on the 1st of September, 1908, and the complaint was dismissed by default and judgment was entered dismissing the complaint upon the merits. On the 27th of November, 1918, plaintiff moved to amend the judgment *nunc pro tunc* by striking out the words " upon the merits." The motion was granted upon condition that the plaintiff pay the costs of the action and of the motion, but he failed so to do. Defendant pleaded that the adjudication in that action by the Appellate Division was the law of the case with respect to the construction of the contract and also pleaded the judgment in bar of the action. There was, however, a subsequent decision by the Court of Appeals in *Heyn* v. *New York Life Ins. Co.* (192 N. Y. 1) construing a somewhat similar contract and the learned counsel for the respondent rightly contends that if the decision of the Appellate Division in the former action by the plaintiff against this defendant was, in effect,

overruled thereby it is, therefore, no longer controlling with respect to the construction of the contract. If the decision of the Appellate Division with respect to the construction of this contract has been overruled, it would become necessary to consider the effect of the former judgment upon the plaintiff's right to maintain this action; but if that decision has not been overruled, then that will not be necessary for it should be followed and would require a reversal without regard to the other point.

It is to be borne in mind that the decision of the Appellate Division, to which reference has been made, construed this contract on the precise point now presented for decision. In making the contract, a printed blank form of contract was employed in which there were twenty-one printed paragraphs containing merely blanks with respect to the date of the contract, the name of the agent, and the territory in which he was to solicit business, which were filled in in writing or typewriting. Between the 21st paragraph and the witness clause at the end there was left a blank space in which was filled in in typewriting a description of the different classes of policies which the plaintiff was to endeavor to write and a specification of the percentage of the original and renewal premiums to which he was to be entitled and three additional paragraphs numbered 22d, 23d and 24th. The 21st paragraph, which is printed, with the exception of the word " sixth," which was typewritten in a blank, is as follows:

" 21st. It is agreed that said party of the second part shall be allowed, under this agreement, the following compensation only, unless otherwise expressly stipulated in writing, namely: a commission on the original or renewal cash premiums which shall, during his continuance as said Agent of said party of the first part, be obtained, collected, paid to and received by said party of the first part up to and including the sixth year of assurance (should his Agency continue so long) on policies of insurance effected with said party of the first part, by or through said party of the second part, which commission shall be at and after the following rates:"

The only other provisions of the contract material to the decision of the appeal are in paragraph 23, which is typewritten. It is as follows:

" 23rd. It is agreed that if said party of the second part shall secure, during the first twelve calendar months of the continuance of this agreement, new insurance on the plans designated in section 21st hereof (excepting Adjustable Accumulation business) subject to all the terms and conditions of said section, amounting to the sum of One Hundred Thousand ($100,000) Dollars, upon which

the original cash premiums for the first year of assurance shall have, ultimately, been paid to and received by said party of the first part in due course of business, the renewal commissions provided in section 21st hereof shall be extended to include the seventh year of assurance, and for each additional Twenty-five thousand ($25,000) Dollars insurance procured as aforesaid, said renewal shall be extended to include an additional year of assurance, not, in all, to extend beyond the eleventh year of assurance."

It will be observed that it is expressly provided in the 21st paragraph that the plaintiff should be entitled only to commissions on the renewal premiums therein specified " collected, paid to and received by " defendant during his continuance as its agent; and that paragraph 23 merely *extends* the period during which the plaintiff was to be entitled to the renewal commissions specified in paragraph 21, and such extension is given only in the event that he secured new insurance amounting to the sum of $100,000 during the first year. It would seem, therefore, that these two paragraphs are to be construed together and that if he was not entitled to renewal premiums under paragraph 21, owing to the fact that he had ceased to be the agent of the company, he would not be entitled to such renewal premiums for the extended period. In *Heyn* v. *New York Life Ins. Co. (supra)* the action was likewise to recover under an agency contract for commissions on renewal premiums and this court unanimously construed the contract as limiting plaintiff's right to such commissions to the period during which he was employed as agent (118 App. Div. 194), but the Court of Appeals reversed on the ground that the contract there under consideration entitled the plaintiff to the renewal commissions therein sought to be recovered by virtue of the express provisions of a separate paragraph which did not limit the right to the period of his agency. The 20th paragraph of that contract was printed and was the same, in effect, as the 21st paragraph of the contract now under consideration with the exception that the blank preceding the word " year," which here was filled in, was there left blank. The 21st paragraph of that contract, however, was materially different from the corresponding 23rd paragraph of this contract, for instead of providing, as is here provided, merely for an extension of the renewal premiums provided for in the other paragraph, it provided unconditionally that in the event that the agent wrote a specified amount of insurance during the first year, he would be entitled to a commission of five per cent on such renewal premiums for the second year and that for every additional $15,000 of insurance written by him during the first year, he would be entitled to a commission on renewal premiums for an

additional year of assurance, but not in all to extend beyond the accumulation period upon which the policy may have been issued. As I read the decision of the Court of Appeals it is that those provisions constituted obligations independent of those contained in the paragraph limiting the agent's right to commissions to the period of his employment.

I am of opinion, therefore, that the decision of the Court of Appeals in *Heyn* v. *New York Life Ins. Co.* is not controlling and that the contract was properly construed by the Appellate Division in the former action brought against the defendant by the plaintiff.

It follows that the findings and conclusions of law inconsistent with these views and the judgment should be reversed, with costs, and appropriate findings and conclusions of law in accordance herewith should be made and judgment entered dismissing the complaint, with costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice.