By the Court. Oakley, Ch. J.
There is no doubt that these pleas are bad in form, under the old system of pleading, as being equivalent to the general issue. But under section 17 6 of the code, a defect of this character is no longer to be regarded; and it would be proper, under the provisions of that section, to amend the pleas by striking out the conclusion with a verification, and inserting one to the country.
The allegation contained in the second plea, of want of notice to the defendants that the vessel was ready by .the twelfth of April, is entirely immaterial. If the time of the readiness of the vessel to receive her cargo is to be regarded as a condition precedent, it is a sufficient defence, if she were not ready by that date.
The main question which the parties wish us to decide, is whether this provision is a collateral covenant, or a condition precedent.
The principle applicable to cases of this character, as the same is gathered from the authorities, seems to be, that every charter party is to be construed according to the clear intent of the parties, if that can be collected from the face of the instrument.
The stipulation in the charter party in question, in reference to time, seems to be introduced as a parenthesis in the agreement by which the defendant was to have twenty lay days from the twelfth of April, the plaintiff guaranteeing that the vessel-should be in readiness at that time. It is quite apparent, that if these words stood alone, they would be considered, without doubt, as equivalent to a warranty, and a positive stipulation, that the vessel should be ready at the time specified. It is con *322 tended, however, that the words relate only to the lay days, and that those were to commence on the 12th of April. But such cannot be the true construction of the instrument, because it is apparent, on that view, that the lay days might be defeated altogether. If the lay days were to commence on the 12th of April, and the agreement is to be construed that the vessel was to be ready in a reasonable time, that time might not elapse until the whole twenty days had expired. This is clearly the consequence.
The plaintiff refers to the other clause of the charter party, by which it was provided that the charter should commence when the vessel was ready to receive cargo at the place of loading, and notice thereof was given to the defendant; and he argues that the meaning of the whole instrument is, that the vessel was to be prepared for the voyage in a reasonable time, and then she should load and the lay days commence. This last clause is in the printed part of the charter party in the usual form; the former, guaranteeing the time, is written in the agreement, and in accordance with a familiar rule, must govern the construction of the instrument.
Aside from this, the liability was to commence when notice should be given, and if notice were given before or by the 12th of April, the party was bound to proceed. Time was of the essence of the.contract-, and is often so in commercial transactions. The success of the enterprise often depends upon dispatch. It was plainly the intent of these parties to be ready by the twelfth of April, at all events. Hie cases show that the great principle to be considered is the intent of the parties, and where the time is essential, and the words of the charter party are plain, as is the case here, we cannot doubt that the agreement, in reference to the day when the vessel was to be ready, is to be regarded as a condition precedent.
Judgment for the defendant on the demurrers, with leave to the plaintiffs to reply on payment of costs.