## COLLINS v. KNUTH.

(Supreme Court, Appellate Division, Second Department. May 8, 1900.)

1. BUILDING CONTRACT—BUILDING PERMIT—REFERENCE TO PERMIT—PRINTED PROVISIONS—WRITTEN—CONFLICT.

Defendant caused the figure "2" to be written in a blank space in a building permit, thereby making the permit require that vent pipes in a building he was about to construct should be two inches in diameter. The printed portion of the permit, however, required that vent pipes in such a building should be three inches in diameter. Plaintiff's contract for the plumbing, which was silent as to the diameter of the vent pipes, provided that the building-department permit should be followed in all cases where it usually governed. *Held* that, plaintiff having put in a two-inch vent pipe, in an action by him to recover the contract price of the plumbing defendant could not defeat a recovery on the ground that plaintiff had not complied with the permit, since the written portion controlled the printed.

2. APPEAL—CONFLICT OF EVIDENCE—FINDINGS OF FACT—REVIEWING.

The judgment of the municipal court of New York City on issues as to which there was a conflict of evidence cannot be reviewed on appeal.

Appeal from municipal court, borough of Brooklyn, Fifth district.

Action by Francis H. Collins against Theodore Knuth. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Arthur H. Cameron, for appellant.

Henry M. Cummings, for respondent.

WILLARD BARTLETT, J. The plaintiff undertook to do all the plumbing work in four houses in process of construction by the defendant. He was to receive $1,448 in all, the first payment of $600 to be made when the rough plumbing was in place. The defendant paid him $333 on account of the work, and no more. In this action the plaintiff has recovered judgment for the balance of the first payment provided for in the contract, together with interest thereon. The propriety of this recovery depends upon whether the plaintiff had performed the contract up to the point where he became entitled to the first payment. So far as this is a question of fact, it must be deemed settled by the judgment of the court below, which is based upon conflicting evidence as to the extent and character of the plaintiff's work. There is one question of law, however, which requires to be considered. The contract bound the plaintiff to well and sufficiently erect and finish the specified plumbing work agreeably to the specifications thereunto annexed. These specifications contained no provision in regard to the size of the vent pipes, but declared that the building-department permit was "to be followed in all cases where it usually governs." The specifications submitted to the commissioner of buildings, however, upon which the building permit was issued, and which enter into and form a part of such permit, provided that there should be one vent pipe in each building, with a diameter of two inches. The figure "2" was written in a blank space before the word "inches." The vent pipes put in by the plaintiff were two inches in diameter.

The rules and regulations of the building department, however, require that for water-closets on three or more floors, and in all tenement houses exceeding three stories in height, the vent pipes must be three inches in diameter. This rule was printed on the permit, as one of the conditions upon which it was issued and accepted. There were to be water-closets on three floors of the defendant's buildings. Here, then, was a conflict between the written and the printed portions of the permit, which constituted a part of the contract between the plaintiff and the defendant. The plaintiff constructed the vent pipes as required by the written portion. In so doing he performed the condition of the contract on his part. The rule is that, where such a discrepancy occurs, the written will prevail over the printed portion of the instrument. Harper v. Insurance Co., 17 N. Y. 194; Weisser v. Maitland, 3 Sandf. 318, 322. In this case the written portion of the permit must have been inserted at the instance of the defendant himself, who thus specified two inches as the diameter of the vent pipes, and this circumstance alone suffices to show that he has no ground for complaint in the fact that the plaintiff did not make them larger.

The judgment in favor of the plaintiff necessarily involves a finding by the trial court that the rough plumbing work was completed according to the contract. This disposes of the counterclaim based on the expenditures which the defendant says he had to make in order to finish the work himself, after the plaintiff had failed to do so. There was a conflict in the testimony on these issues, and, as has been repeatedly declared in this court, we have no power, under such circumstances, to review a judgment of the municipal court upon the facts. Northridge v. Astarita, 47 App. Div. 486, 62 N. Y. Supp. 441. The judgment appealed from should be affirmed.

Judgment of the municipal court affirmed, with costs. All concur.