OTTO P. HEYN, Appellant, *v.* NEW YORK LIFE INSURANCE COMPANY, Respondent.

1. CONTRACT — INTERPRETATION OF PARTLY PRINTED AND PARTLY WRITTEN AGREEMENT — WRITTEN PART SHOULD CONTROL. Where part of an agreement is a printed form furnished by one of the parties thereto and part is typewritten, the latter is subject to the same rules of construction as if written by a pen, and if the provisions of the printed part are doubtful, uncertain or repugnant to the written part, that which is written should control the interpretation of the instrument.

2. SAME — WHEN CLAUSE CONTAINING BLANK FOR INSERTION OF YEAR SHOULD BE ELIMINATED. Where a life insurance company, as party of the first part, entered into a partly printed and partly typewritten agreement, whereby it appointed the party of the second part its agent to solicit insurance for an unspecified period, upon a compensation to be paid in commissions, and the agreement contains a clause in the printed part thereof, intended for the insertion of the year, or time, to which the contract was to run and reading "up to and including the —— year of assurance should his agency continue so long," which is repugnant to and inconsistent with the provisions of a subsequent typewritten part relating to an indeterminate term, such clause becomes immaterial and inapplicable and should be eliminated.

3. CONTRACT OF AGENCY — INTERPRETATION. In the printed part of such agreement it was stated that the agent should be "allowed the following compensation only, unless otherwise expressly provided in writing, namely: a commission on the * * * original or renewal cash premiums which shall during his continuance as said agent * * * be obtained, collected, paid to and received by the" company "at the following rates," followed by a description of different policies and bonds on which his commissions were particularly specified. In the fol-

1

lowing section, which was typewritten, it was expressly stipulated that such agent should be entitled to a certain commission upon renewal premiums paid on insurance procured by him " on the plans designated " in the preceding section, "subject to all the terms and conditions of said section," for a number of premium years dependent on the amount of new business he procured. On the submission of a controversy as to the agent's right to commissions on certain renewal premiums, it appeared, from the facts stipulated, that such agent had secured sufficient new business to entitle him to such commissions for a certain number of premium years; that his agency had been terminated and that the commissions, concerning which the controversy arose, were upon premiums paid for the year in which such termination took place. *Held*, that the words "the plans designated," contained in the typewritten part of the contract, referred to the different kinds of policies and bonds mentioned in the preceding section and to the terms and conditions which the plaintiff was required to observe in making contracts of insurance, and not to the continuance of the agency. A dismissal of the claim, therefore, on the ground that, under the contract, the agent's right to commissions upon renewal premiums ceased with the termination of the agency, was erroneous.

*Heyn* v. *N. Y. Life Ins. Co.*, 118 App. Div. 194, reversed.

(Argued March 13, 1908; decided April 7, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 4, 1907, in favor of defendant upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Laurence Arnold Tanzer* and *Bernard Naumburg* for appellant. The express language of section 21 of the contract entitles plaintiff, on writing the prescribed amount of insurance, to renewal commissions for the period specified, without reference to the continuance of his employment. (*Gillet* v. *Bank of America*, 160 N. Y. 549, 555; *Vought* v. *E. B. & L. Assn.*, 172 N. Y. 508; *Hoffman* v. *A. L. Ins. Co.*, 32 N. Y. 405; *Kratzenstein* v. *W. Assur. Co.*, 116 N. Y. 54; *I. S. B. Co.* v. *Jewett*, 169 N. Y. 143; *Marshall* v. *C., etc., Ins. Co.*, 170 N. Y. 434; *People* v. *Gluck*, 188 N. Y. 168; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417; *M. M.*

*L. Ins. Co.* v. *Coleman*, 100 S. W. Rep. 122.) The agreement, read as a whole, shows a clear intention to give commissions on renewal premiums, not as part of the compensation for general services ending with the employment, but as a bonus for writing the prescribed amount of insurance, earned as soon as insurance to that amount is procured. (*Insurance Co.* v. *Williams*, 91 N. C. 70; *Ballard* v. *T. Ins. Co.*, 119 N. C. 187; *Scott* v. *T. Ins. Co.*, 103 Md. 69; *Trimble* v. *C. M. L. Ins. Co.*, 13 Wkly. L. Bull. 109; *Andrews* v. *T. Ins. Co.*, 70 S. W. Rep. 43.) The construction adopted by the court below is inequitable, because it would make the contract an unjust contract, and would place the plaintiff at the mercy of the defendant. (*Martin* v. *N. Y. L. Ins. Co.*, 148 N. Y. 117; *Aldrich* v. *N. Y. L. Ins. Co.*, 121 App. Div. 18; *Russell* v. *Allerton*, 108 N. Y. 288; *Wright* v. *Reusens*, 133 N. Y. 298; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Schoellkopp* v. *Coatsworth*, 166 N. Y. 77.)

*John Kirkland Clark* and *James H. McIntosh* for appellant. Under the terms of the contract between the parties to this action, the plaintiff is entitled to no renewal commission on premiums paid to or received by the company after the discontinuance of his agency. (*Shaw* v. *H. L. Ins. Co.*, 49 N. Y. 681; *Stagg* v. *C. M. L. Ins. Co.*, 10 Wall. 589; *Burleson* v. *N. W. M. L. Ins. Co.*, 86 Cal. 342; *King* v. *Raleigh*, 100 Mo. App. 1; *Jacobson* v. *C. M. L. Ins. Co.*, 61 Minn. 330; *Aldrich* v. *N. Y. L. Ins. Co.*, 121 App. Div. 18; *Butler* v. *N. Y. L. Ins. Co.*, 87 Pac. Rep. 1119; *Wightman* v. *N. Y. L. Ins. Co.*, 119 App. Div. 496.) The agreement must be read as a whole and every part of it must be given effect. When so considered there can be no doubt that Heyn's right to renewal commissions terminated when his contract terminated and continued no longer than the continuance of his agency. (*Bank of Montreal* v. *Recknagel*, 109 N. Y. 482; *Miller* v. *H. & S. J. R. Co.*, 90 N. Y. 430; *Ward* v. *Whitney*, 8 N. Y. 442; *King* v. *Raleigh*, 100 Mo. App. 23.)

Haight, J. On the 15th day of September, 1896, the defendant, the New York Life Insurance Company, as party of the first part, entered into a written agreement with the plaintiff, Otto P. Heyn, by which he was appointed an agent of the company to solicit insurance for an indefinite term, upon a compensation to be paid in commissions. The agreement contains numerous provisions by which he is prohibited from varying the terms and conditions specified by the defendant in making contracts for insurance; and then by the twentieth clause of the agreement provides as follows: "It is agreed that said party of the second part shall be allowed, under this agreement, the following compensation only, unless otherwise expressly stipulated in writing, namely: a commission on the original or renewal cash premiums which shall, during his continuance as said agent of said party of the first part, be obtained, collected, paid to and received by said party of the first part, up to and including the —— year of assurance (should his agency continue so long) on policies of insurance effected with said party of the first part by or through said party of the second part, which commission shall be at and after the following rates." Then follows a description of some fourteen different insurance policies and bonds, on which his commissions upon procuring the original cash premiums were particularly specified, varying from thirty to fifty per cent. Section twenty-one provides that "It is agreed that if said party of the second party secures during the first twelve calendar months of the continuance of this agreement, new insurance on the plans designated in section twentieth hereof, subject to all the terms and conditions of said section, amounting to the sum of fifteen thousand dollars, upon which the original cash premiums for the first year of assurance shall have been paid to and received by said party of the first part during said period, or within thirty days thereafter (policies paid by less than ten annual premiums excepted) said party of the second part shall be entitled to a commission of five per cent on such renewal premiums of business written as aforesaid, as shall renew for the second year of assurance; and for every additional fifteen thousand

dollars procured as aforesaid said renewal shall be extended to include an additional year of assurance." This agreement was subsequently modified by continuing the same from year to year, during the existence of the agency, by increasing the commissions of five per cent to seven per cent on policies exceeding two thousand dollars, and by limiting the time upon which commissions upon renewal premiums shall be paid to not exceeding twelve years. The plaintiff entered upon the performance of the agreement of the 15th of September, 1896, and during the first year procured new insurance amounting to $79,000; during the second year he procured $178,000; during the year ending September 14, 1902, he procured $61,000; in 1903, $31,000; in 1904 only $2,000. No further insurance was procured by the plaintiff and thereupon, on the 15th day of June, 1905, his agency was terminated by the defendant company, upon the ground that he was not " producing business."

Under the terms of the agreement the period for which commissions were payable upon renewal premiums have all expired except for the years ending 1898, 1902 and 1903. In 1898 he, having procured $178,000 of new insurance, would be entitled to commissions thereon for as many years as 15,000 would be contained in that number, which would be eleven times, thus entitling him to recover commissions upon the premiums collected for that number of years. In 1902 the amount procured being $61,000 would thereupon entitle the plaintiff to commissions upon the premiums paid for four years, and in 1903 the amount being $31,000 would entitle him to commissions for two years. The claim presented was for commissions due for the year 1905, and if they are allowable it is conceded that for 1898 insurance they would amount to $456.01; 1902 insurance, $153.68, and for 1903 insurance $2.67, making a total of $612.36.

The Appellate Division has dismissed the plaintiff's claim upon the ground that, under the contract, his right to commissions upon renewal premiums ceased with the termination of his agency. We are thus called upon to construe the pro-

visions of sections twenty and twenty-one of the contract, to which we have already referred. Section twenty, together with the main portions of the contract, is upon a printed blank furnished by the defendant, and if its provisions are doubtful, uncertain or repugnant to the written portions of the agreement, that which is written should control the interpretation of the instrument. (*Harper* v. *Albany Mut. Ins. Co.*, 17 N. Y. 194; *Weisser* v. *Maitland*, 3 Sandf. 318, 322; *Kratzenstein* v. *Western Assurance Co.*, 116 N. Y. 54, 57.) The contract being for an unspecified period, the clause in the printed portions of section twenty intended for the insertion of the year or time, for which the contract was to run, becomes immaterial and not applicable to the indeterminate term and, therefore, the clause "up to and including the —— year of assurance should his agency continue so long" should properly be eliminated. We then have section twenty of the contract providing for the compensation of the agent by way of commissions on the original or renewal cash premiums which shall during his continuance as agent be obtained, collected and paid to the insurance company, and then follows the percentage of original cash premiums paid upon the various kinds of policies which he was authorized to procure, upon which he was allowed commissions, but nothing for the renewal premiums; so that while the renewal premiums appear in the printed portion of section twenty we have no percentage fixed upon which the commission could be paid upon such renewals. This is provided for by section twenty-one of the contract, which is typewritten and subject to the same rules of construction as if written by a pen. Under the amendments to which we have referred, it allows seven per cent commission upon a renewal premium paid, if the insurance of the preceding year amounts to $15,000, and for every additional $15,000 procured another year's commission, not, however, exceeding twelve years. Therefore, by the terms of this agreement the defendant became obligated to pay the plaintiff commissions for eleven years upon the renewal premiums collected by it for 1898 business; four years for 1902,

and two years for 1903, unless the reference to the provisions of section twenty limits his right to recover commissions to the period during which his agency continues.  Section twenty-one, providing for renewal commissions, is limited to the new insurance obtained during the year " on the plans designated in section twentieth hereof, subject to all the terms and conditions of said section."   What are the plans designated in section twentieth?   By referring to the provisions of that section we find some fourteen different kinds of policies and bonds issued by the company for which the plaintiff was authorized to solicit persons to contract.   Each of these plans is subject to terms and conditions, which the plaintiff was required to observe in making contracts for insurance.   The plans designated, therefore, in section twenty, and the ·terms and conditions connected with such plans, we think, were the plans, terms and conditions that the parties had in mind in writing into the contract this provision.   The learned Appellate Division was of the opinion that it referred to the continuance of plaintiff as an agent of the company, but we incline to the view that such construction ought not to prevail.   The provision of section twenty, as we have seen, was that the plaintiff should be allowed under the agreement " the following compensation only, unless otherwise expressly stipulated in writing."   Under section twenty-one we have it expressly stipulated in writing that the plaintiff should be entitled to commissions on the renewal premiums to which we have already called attention, thus complying with the terms of that section.   It is apparent, therefore, that should the construction of the Appellate Division be adopted it would not only deprive the plaintiff of the benefit of his express agreement in writing, but would also place it within the power of the company immediately after the plaintiff had procured the $178,000 insurance, which entitled him to commissions upon the renewal premiums for eleven years, to arbitrarily deprive him of such commissions by terminating his agency.   This would be a harsh and unjust construction of the contract, and would place the plaintiff at the mercy of the

defendant. In *Gillet* v. *Bank of America* (160 N. Y. 549, 557) MARTIN, J., says: "Where there is uncertainty or doubt as to the meaning of words or phrases used in a contract, in seeking for the intent of the parties as evidenced by the words used, the fact that a construction contended for would make the contract unreasonable and place one of the parties at the mercy of the other may properly be taken into consideration."

Our conclusion, therefore, is that the judgment should be reversed and judgment ordered for the plaintiff for the amount agreed upon, with costs in both courts.

CULLEN, Ch. J., VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; WERNER, J., dissents.

Judgment accordingly.