ply this sum in making repairs before that date, because until that time the vendor could make them himself.   He cannot, therefore, either in law or in equity be forced to pay any part of the sum to plaintiff for repairs previously made, apparently at the request of the vendor.   Only the vendor or his assignee can recover any amount still in his hands.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

BIJUR, J., concurs.   SEABURY, J., concurs in result.

(66 Misc. Rep. 166.)

CITY OF NEW YORK v. AMERICAN RY. TRAFFIC CO. et al.

(Supreme Court, Appellate Term.   February 18, 1910.)

CONTRACTS (§ 156*)—CONSTRUCTION—GENERAL AND SPECIAL PROVISIONS.

The first part of a clause in a contract between a city and a municipal contractor, imposing in general terms liability on the contractor for all accidents causing loss to the city, must be held limited by a subsequent special provision restricting liability to cases of negligence, as otherwise such provision would be unnecessary and meaningless.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 737; Dec. Dig. § 156.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the City of New York against the American Railway Traffic Company and others.   From a judgment for defendants, plaintiff appeals.   Affirmed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Francis K. Pendleton (Theodore Connoly and Terence Farley, of counsel), for appellant.

George D. Yeomans (James W. Carpenter, of counsel), for respondents.

SEABURY, J.   The city of New York brought this action to recover from the defendants $300 for damages alleged to have been sustained by it as a result of a breach on the part of the defendants of a contract bearing date October 28, 1902.   The contract was originally made between the plaintiff and one Kennedy, and attached to the contract and forming part of it is the bond or obligation of the defendants, the Empire State Surety Company and the National Surety Company.   The condition of this bond is that if the contractor—

"shall well and truly do and perform all the work provided for under said contract, in accordance with the terms and provisions therein stipulated, and in each and every respect comply with the conditions and covenants therein contained, then this obligation to be void; otherwise, to remain in full force and virtue."

On September 4, 1903, the original contract was assigned with the consent of the plaintiff and the sureties to the American Railway Traffic Company, a New Jersey corporation, and on April 1, 1904, the

original contract was assigned with the consent of the same parties to the American Railway Traffic Company, a New York corporation, and one of the defendants in this action.

The claim of the plaintiff is predicated upon clause U of the original contract. This clause provides as follows:

"(U) That the contractor during the performance of this contract shall take all necessary precautions and place proper guards for the prevention of accidents, and shall so conduct and carry on the dumping, placing, and final disposition of the materials, garbage, etc., and so operate the dumps, dumping places, receptacles, scows, and other conveyances and plant, at all times, that accidents shall be prevented, and the party of the first part shall suffer no injury or damage therefrom, and shall put up and keep at night sufficient lights, and at all times proper danger signals, and shall indemnify and save harmless the said party of the first part from all damages and costs to which it may be put by reason of injury to person or to property resulting from negligence or carelessness in the operation of the plant or in guarding the same, or from any improper materials or apparatus used in connection therewith, or by reason or on account of any act or omission of said contractor, or the agents or servants thereof; that said contractor shall be liable for all damage to person or to property arising from his negligence or that of his employés, and for all violations of law, city ordinances, or government regulations."

The plaintiff claims that on November 23, 1908, the contractor did not so operate the dumps and receptacles referred to in the contract as to prevent an accident which happened to one of the horses belonging to the street cleaning department which resulted in the death of the horse. The present action is brought to recover the value of the horse.

The answer of the defendants pleads a general denial, and as a separate defense that whatever damages the plaintiff sustained were due to its own negligence, or to the negligence of a third party or parties over whom the defendants had no control. The plaintiff contends that it is immaterial whether the accident was due to the plaintiff's own negligence or the negligence of a third party, as clause U makes the contractor an insurer against any and all accidents caused by the operation of the dumps and receptacles. If we give to this clause a strict and narrow interpretation, it is evident that whenever the city sustains a loss it imposes liability upon the contractor in two classes of cases: First, whenever an accident happens; and, second, whenever an accident happens through the negligence of the contractor, his servants, or agents. Under such a strict and narrow view of the clause, it is difficult to see what necessity there was for the insertion of the provision that the contractor should be liable in case of negligence. If the contractor was intended to be made liable in all cases, what reason was there for providing in the same clause that he should be liable in the specific case of negligence?

We do not think that so narrow an interpretation would give effect to the intention of the parties, nor would it give effect to all parts of the clause. We think that the general and comprehensive terms in the first part of the clause are limited by the latter portion, which restricts the contractor's liability to cases of negligence. The general part of the clause, which makes the contractor liable for all accidents causing loss to the city, is necessarily restricted by the specific and particular

statement that the contractor is liable for accidents caused by negligence. We think that the special provision providing for liability in case of negligence must be held to override the general provision, which is comprehensive enough to impose liability in all cases, and which, if strictly interpreted, renders the latter part of the clause unnecessary and meaningless. We think, therefore, that the learned court below properly construed the contract, and that in the absence of proof of negligence the plaintiff was not entitled to recover.

It is claimed by the appellant that the evidence established the negligence of the contractor. In reference to this contention it is sufficient to point out that the evidence presented merely a question of fact, and that no reason exists for disturbing the conclusion reached by the trial justice.

Judgment affirmed, with costs.

BIJUR, J., concurs. LEHMAN, J., concurs in result.