WILLIAM MILLER and RAY MILLER, Appellants, v. DANBY CO-OPERATIVE FIRE INSURANCE COMPANY, Respondent.

Third Department, March 3, 1920.

Insurance — fire insurance — policy insuring " Produce in buildings 20 ton feed $1000.00," construed.

A policy of fire insurance was issued for a term of five years to insure, among other things, " Produce in buildings 20 ton feed $1000.00." The words " Produce in buildings " were printed and the balance was written with pen and ink, and there was no other line or space in the policy where " feed " could have been inserted and both the produce and feed insured

in the same figure of $1,000. *Held,* that said policy covered both produce in the buildings and twenty tons of feed, and where, at the time of the fire none of the feed was in existence or at least none was in the fire, recovery may be had for produce burned.

APPEAL by the plaintiffs, William Miller and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Tompkins on the 23d day of April, 1919, upon the decision of the court dismissing the complaint at the close of the plaintiffs' case, both parties having moved for a direction of a verdict.

*William Hazlitt Smith,* for the appellants.

*Cobb, Cobb, McAllister, Feinberg & Heath* [*Riley H. Heath* of counsel], for the respondent.

KILEY, J.:

The respondent is a domestic corporation, doing business as a co-operative fire insurance company in the town of Danby, Tompkins county, N. Y. As such it issued to the appellants, on the 14th day of July, 1917, its policy insuring them against loss and damage by fire in the sum of $1,000, for a period of five years. The insured, plaintiffs and appellants, were farmers, tenants on the farm where the personal property described in the policy was situate. August 24, 1918, a barn upon the farm, where a large quantity of produce from the farm was stored, burned. The produce destroyed was of the value of $1,840. The regularity of the issuing of the policy, payment of premium and proofs of loss are not questioned. The difference between the parties consists in what the policy was intended to cover. When the contract, furnished and prepared by the insurance company and by it executed on its part, is ambiguous, it will be construed most favorably to the insured. (*Kratzenstein* v. *Western Assurance Co.,* 116 N. Y. 54; *Rickerson* v. *Hartford Fire Insurance Co.,* 149 id. 307; *Michael* v. *Prussian National Insurance Co.,* 171 id. 25.) It is manifest that this contract was intended to cover something used on the farm for consumption thereon by cattle and stock. Upon the application blank and upon the policy, two separate instruments, appears a schedule or list of house, barns and buildings of every description found upon a farm. Also a

clause or separate line which creates the liability and contains the matter of doubtful meaning, if any, which is the sole question upon this appeal. It reads in manner and form following: " Produce in buildings 20 ton feed $1000.00." The words " Produce in buildings " are printed in the blank above referred to and described; the balance of the entry is made with pen and ink. At the time of the fire none of the feed was in existence or at least was not in the fire; such is the only inference that can be drawn from the evidence. Respondent contends that it only insured the appellants against loss by fire of the " 20 ton feed " contained in the clause above quoted, and invokes the rule " that general words later followed by specific words are limited thereby," citing *City of New York* v. *American Railway T. Co.* (66 Misc. Rep. 166; affd., without opinion, 143 App. Div. 928), and *Heyn* v. *New York Life Ins. Co.* (192 N. Y. 1). The last case was followed in *Fagan* v. *Ulrich* (166 App. Div. 342). Those cases are distinguishable from this case. *City of New York* v. *American Railway T. Co.* (*supra*) was an action upon an indemnity contract, which the context showed, negligence as the basis of a recovery and that an accident, without negligence, claimed to be covered by general phrases and recitations in the first part of the contract, did not create liability thereunder. In 192 New York and 166 Appellate Division (*supra*) the printed parts of the contracts had blanks, which were left unfilled, and the intention of the parties was expressed by writing or by typewriter, later in the contract. No such condition exists here. This policy did or did not insure " Produce in buildings " in addition to the twenty tons of feed then in the buildings. This contract was for five years and the feed would last but for a short time. Can it be held that these farmers took out this insurance for five years on this twenty tons of feed? Will it be claimed that if the words " 20 tons feed " had not been written in the application and policy there would have been no valid contract of insurance? The " Produce in buildings " would have been covered by this contract if the addition had not been written in the blank. It will be seen that there is no other line or space on these blanks where " feed " could have been inserted, and insure both the farm produce and feed in the same figure of $1,000. The reasonable interpretation of the

application and policy is that it covered the produce in the buildings destroyed by the fire, which was the same property mentioned and described in the complaint and which was upwards of the value of $1,000.

The judgment is, therefore, reversed, with costs, and judgment directed for the plaintiffs in the sum of $1,000 and interest from the 26th day of December, 1918.

The court disapproves of the findings of fact numbered 9 and 12 and makes the findings as above stated.

All concur.

Judgment reversed on the law and facts, with costs to the appellants, and judgment directed for the plaintiffs for $1,000 and interest from December 26, 1918, with costs. The court finds as a fact that the feed mentioned in the complaint was covered by the insurance policy, and that the plaintiffs' loss was $1,000, with interest from December 26, 1918. The court disapproves of findings 9 and 12.