Louis Kozodoy, Plaintiff, *v.* Emily Hindy, Defendant.

Municipal Court of the City of New York, Borough of Brooklyn, March 13, 1946.

*Solomon Berger* for plaintiff.

*Irving Engel* for defendant.

MARTUSCELLO, J. Plaintiff brings this action on a lease to recover damages claimed to have been sustained by him as a result of the defendant's breach of a covenant to pay increased insurance premiums occasioned by the nature of her occupancy.

Plaintiff acquired title to the building in question on June 1, 1945, at which time defendant was in possession of a part thereof, under a lease entered into by her and plaintiff's predecessor in title. This lease is dated September 19, 1944, and the term demised thereby expires on October 31, 1946. The instrument makes no mention with respect to binding the assigns of the parties and contains the following pertinent paragraphs: "19th. That the Tenant will not nor will the Tenant permit undertenants or other persons to do anything in said premises, or bring anything into said premises, or permit anything to be brought into said premises or to be kept therein, which will in any way increase the rate of fire insurance on said demised premises, nor use the demised premises or any part thereof, nor suffer or permit their use for any business or purpose which would cause an increase in the rate of fire insurance on said building, and the Tenant agrees to pay on demand any such increase."

"28th. The Tenant agrees to pay all increases, if any, in the cost of existing insurance due to the tenant's occupancy of the demised premises."

When said lease was made, there was in existence a $10,000 fire insurance policy affecting the premises. After the defendant went into possession, the fire insurance rate on the building was increased due to the nature of her business therein. On May 12, 1945, the aforesaid $10,000 policy was renewed and the premium therefor was based on the increased rate. On the closing of title to said premises on June 1, 1945, the grantor's interest in the policy was assigned to the plaintiff upon his payment of the adjusted premium cost thereof. Plaintiff also procured on said June 1, 1945, a $25,000 fire insurance policy at the request, and for the benefit, of his predecessor in title as mortgagee, and paid the premium therefor which was also based on the increased rate.

Plaintiff claims as items of damage $38.60 and $102, representing, respectively, the excess cost for the afore-mentioned adjusted premium, and for the $25,000 policy.

The case presents the following questions which are set forth in the order in which they are hereafter considered: Can the plaintiff avail himself of the defendant's covenant to pay increases in insurance premiums; and if so, do the provisions of the covenant extend to the $25,000 policy, and is the plaintiff entitled to recover any part of the excess cost with respect to the $10,000 policy?

If the covenant was personal, plaintiff cannot avail himself of the benefit thereof; but if it was real or ran with the land, it will inure to his benefit, notwithstanding that the lease did not provide that it was binding on, or inured to the benefit of, the assigns of the original parties thereto. (Real Property Law, §§ 223, 257; *507 Madison Avenue Realty Co.* v. *Martin,* 200 App. Div. 146, affd. 233 N. Y. 683; *St. Regis Restaurant, Inc.,* v. *Powers,* 219 App. Div. 321.)

The defendant urges that the covenant in question is personal, and cites in support thereof *St. Regis Restaurant, Inc.,* v. *Powers (supra).* In that case the covenant referred to insurance on the building or the stock of the landlord contained in said building. It was therein decided that insofar as that covenant was one to pay increased cost of insurance, as such, either on the building or the stock, it was personal to the original lessor and for its benefit only. The court deciding that case, however, did not intend thereby to hold that a covenant such as the one in question was personal, inasmuch as it made the observation that if the covenant then being considered was confined to the building only, a question might be raised as to whether it ran with the land.

A covenant runs with the land when it affects the use, value and enjoyment of the premises, whether it relates to physical changes or the use of the term. (*Hadley* v. *Bernero,* 97 Mo. App. 314.) The general principle is that if the performance of the covenant be beneficial to the reversioner, in respect of the lessor's demand, and to no other person, his assignee may sue upon it; but if it be beneficial to the lessor without regard to his continued ownership of the estate, it is collateral to the land and the transferee of the reversion cannot avail himself of the benefit thereof. (See McAdam on Landlord and Tenant [5th ed.], p. 503; *507 Madison Avenue Realty Co.* v. *Martin,* 200 App. Div. 146, *supra.*)

The covenant in this case restricted the tenant's use of the term. Its purpose was to stabilize the expenses and the income of said property. These are factors that cannot be ignored on

the question of value. Also, an interest in the reversion was required to make the covenant beneficial to the lessor. I am therefore of the opinion that the defendant's covenant ran with the land.

The defendant contends that the recovery of any excess premium on the $25,000 policy would burden her with an additional obligation. Additional liability will not be imposed unless clearly within the provisions of the lease. (*Ayer* v. *Bonwit,* 161 App. Div. 122.) The foregoing paragraph 19th is printed and imposes liability for increases on any policy, whereas paragraph 28th, which is typewritten, limits liability to existing insurance. Since they are conflicting, the typewritten portion will control the interpretation of the lease. (*Heyn* v. *New York Life Ins. Co.* 192 N. Y. 1.) Leases must be construed most favorably to the lessee. (*Moskowitz* v. *Diringen,* 48 Misc. 543.) *Existing insurance* means insurance that was in effect at the time the lease was made. The proof in the case is that the only policy in existence at that time was the $10,000 one. Furthermore, the $25,000 policy was for the benefit of the mortgagee. There was no proof that a policy benefiting a mortgagee was in existence then. It therefore follows that the plaintiff cannot recover any excess premiums on the $25,000 policy.

I am constrained to hold also that plaintiff is not entitled to any part of the excess cost in connection with the $10,000 policy. When he acquired title to the premises, his grantor had a claim for damages against the defendant for her breach of the covenant, a chose in action, which did not inure to the benefit of the plaintiff upon the transfer of title. (*Beach* v. *Barons,* 13 Barb. 305.) A specific assignment thereof would be required to accomplish that end, and none was made in the case at bar.

Assuming that the defendant's breach was continuous, plaintiff could recover only just compensation for the actual loss or damages sustained as a result of the breach. (3 Joyce on Damages, § 1813.) It was the contract to purchase the property that caused the plaintiff to pay the adjusted cost on the $10,000 policy, and not the breach of the defendant.

Furthermore, the defendant's liability, if any, is to be predicated upon privity of estate between her and the plaintiff. On the closing of title there was no such privity between them, and, accordingly, the plaintiff cannot recover any moneys expended by him at that time, because he was not then possessed of any rights against the defendant in respect thereto.

Judgment for defendant.