Keating, J.
(dissenting). With respect to insurance policies, we have stated: “ They should be so plain and unambiguous that men of average intelligence who invest in these contracts may know and understand their meaning and import.” (Janneck v. Metropolitan Life Ins. Co., 162 N. Y. 574, 578; see, also, Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, quoting Janneck, supra.)
The law is settled regarding the problems presented by this policy.
First: The typewritten provision on the cover of the policy states that the limit for total sickness is 10 years. This statement is unequivocal. Its clear indication is that the 10-year limitation is the only time limitation on the benefits. There is an inconsistency between this typewritten provision stating only one limitation and the printed provision in Part Gr indicating that there are two limitations, viz., the additional 72-year-age limitation. The fact that the insured was a member of a group in no way affects, or, as the majority appears to imply, *388 cures this obvious inconsistency. Where such an inconsistency exists, the law is clear that the typewritten provision prevails. (See, e.g., Thomas v. Taggart, 209 U. S. 385; Heyn v. New York Life Ins. Co., 192 N. Y. 1.)
Secondly: At the very least, ambiguity exists between the two provisions. Nine Judges* have found them ambiguous and confusing. Certainly, then, these provisions could have confused a gentleman, unversed in the complex language of insurance contracts. We have pronounced that insurance policies ‘ ‘ should not be couched in language as to the construction of which lawyers and courts may honestly differ.” (Janneck v. Metropolitan Life Ins. Co., supra, pp. 577-578.) Certainly this policy has presented and does present a construction problem. The United States Supreme Court has held that an insurance company “must accept the consequences resulting from the rule that the doubt for which its own lack of clearness was responsible must be resolved against it.” (Mutual Life Ins. Co. v. Hurni Co., 263 U. S. 167, 176, italics supplied; see, also, Walters v. Great Amer. Ind. Co., 12 N Y 2d 967; Hartol Prods. v. Prudential Ins. Co., supra.)
Since the policy is ambiguous, the ambiguity must and should be resolved against the insurer and not the insured. This rule is sound. An insurance company should not be permitted to have typed on the cover of an insurance policy an unequivocal provision stating only one time limitation on the insurance benefits, and then place a further limitation in the printed body of the policy.
The order of the Appellate Division should be affirmed.
Judges Van Voorhis, Burke, Sgileppi and Bergan concur with Chief Judge Fuld; Judge Keating dissents and votes to affirm in an opinion in which Judge Breitel concurs.
Order of Appellate Division reversed and that of the Civil Court of the City of New York reinstated, with costs in this court and in the Appellate Division.

 Two Judges in the Appellate Term constituting a majority granted the plaintiff summary judgment on this policy. The Appellate Division unanimously affirmed.