(25 Misc. Rep. 701.)

### GRANGER v. AMERICAN BREWING CO.

(Supreme Court, Appellate Term. January 23, 1899.)

1. CORPORATIONS—CONTRACT OF EMPLOYMENT.
   A resolution of a board of directors of a corporation "to engage G. * * * at a salary of $5,000 per year" is a contract terminable at will.

2. SAME—EVIDENCE.
   The declaration by an employé of a corporation to an officer that "he was engaged for a year" is not admissible to prove such contract.

3. SAME—BREACH.
   The prevention by an employer of an employé's performance of a contract terminable at will does not constitute a breach.

4. SAME—ADMISSIONS BY ATTORNEY.
   In an action on a contract of employment terminable at will, it appeared that plaintiff attempted performance, but was told by defendant's president that it was no use his spending his time coming there, and that he need not come. In his argument, defendant's counsel stated: "We do not

claim we discharged him. There is no such defense; but simply the defense that, in the first place, there was no hiring for a year, and that we could discharge him anyhow and at any time." *Held* not to be an admission that the contract still subsisted, notwithstanding defendant has prevented performance.

Appeal from city court of New York, general term.

Action by Septimus W. Granger against the American Brewing Company. Judgment rendered for plaintiff was affirmed at general term (54 N. Y. Supp. 590), and defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Lorenzo Ullo, for appellant.
Robert E. Deyo, for respondent.

GIEGERICH, J. Alleging his employment by the defendant for a year from May 1, 1894, at an agreed salary of $5,000, the plaintiff sued for, and has recovered, damages measured by the proportion of the salary for three months; the complaint having proceeded upon the defendant's refusal to permit him to perform services after February 1, 1895. The contract of employment was in evidence, in the form of a resolution adopted by the defendant's directors, as follows: "A motion was made by F. J. Schrugg to engage Mr. S. W. Granger, as superintendent of the American Brewing Company, at a salary of $5,000 per year, from May 1, 1894. This motion was seconded by Mr. Hammerschlag, and carried, all aye." Standing by itself, this agreement was not for a year, but stated an employment which was terminable at the election of either party (Martin v. Insurance Co., 148 N. Y. 117, 121, 42 N. E. 416); and there is no evidence in the record which extends the terms of the writing, since, while the plaintiff invokes the by-laws of the defendant in aid of his assertion that the directors had the power and might be assumed to have engaged him for a year if the by-laws and the resolution were read together, the by-laws are not in the case, having been stricken from the evidence at the plaintiff's own instance.

Our attention is called to the plaintiff's testimony that he stated to an officer of the defendant, when his resignation was asked for at the end of January, 1895, that he "was engaged for a year"; but, clearly, testimony of the party's own declaration as to his construction of the express agreement was not evidence of the agreement itself, and the terms of the employment were not made the subject of any further proof.

The defense was that, by force of the defendant's by-laws, the employment was terminated, ipso facto, by the holding of the annual meeting of the corporation in January, 1895, it being claimed that the by-laws limited the duration of the agreement to the date of the meeting; but the court below ruled that the plaintiff was not chargeable with notice of the by-laws, and the defense was held to be untenable. It is apparent that the theory of the pleadings was departed from in order to support a recovery of damages, since the contract for a year, the basis of the action, was not proven; but, even assuming that the defendant waived the variance, still there was a fundamental defect

in the plaintiff's case, and the direction of a verdict in his favor was error.

The proof was not that he performed the contract during the three months in question, but was solely to the effect that he tendered performance, and was not allowed to perform; for which alleged breach of a continuing agreement by the defendant damages were awarded him. The prevention of performance was based upon his having acted upon the statement made to him by the defendant's president that it was "no use his spending his time coming there" (to the brewery), and that he need not come there; and it is readily to be conceded that this would suffice as a prevention by the corporation, if the officer's acts were within the scope of his agency, and so attributable to it. That this was the act of the corporation is the basis of the recovery, yet, the contract being terminable at will, the act which totally prevented the employé's performance was necessarily a termination of the employment by the employer, since it is inconceivable that such a contract may endure after the purported breach. In effect, the prevention is no breach; for there is no right in the employé that the contract shall continue, and no damages can accrue from the failure of an opportunity to perform.

Some reliance has been placed by the respondent upon the statement made by the defendant's counsel at the trial, in the course of argument, upon the nature of the affirmative defense, as follows: "We do not claim we discharged him. There is no such defense; but simply the defense that, in the first place, there was no hiring for a year, and that we could discharge him anyhow and at any time." Clearly, this was no admission that the employment had subsisted, notwithstanding the defendant's acts, since the statement was only that no formal discharge was considered to be necessary to terminate the relations of the parties to the contract; and, as we have pointed out, the employment was in fact terminated, according to the plaintiff's proof, without a formal discharge.

It results from the views above expressed that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.