FEIBER v. HOME SILK MILLS.

(Supreme Court, Appellate Term, First Department.  November 13, 1913.)

1. EVIDENCE (§ 441*)—PAROL EVIDENCE—VARYING CONTRACT—PRIOR NEGOTIATIONS.

> All parol negotiations prior to the signing of a written contract are merged therein.
>
> [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

2. MASTER AND SERVANT (§ 20*)—CONTRACT OF EMPLOYMENT—HIRING AT WILL.

> A hiring at the rate of so much a year, without specifying any definite time of employment, is a hiring at will, which may be terminated at any time by either party.
>
> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 19: Dec. Dig. § 20.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Silas Feiber against the Home Silk Mills. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

George H. Bruce, of New York City, for appellant.

Kogan & Goldstein, of New York City (S. S. Kogan, of New York City, of counsel), for respondent.

GUY, J. The action was brought to recover for the breach of an alleged contract to employ plaintiff as a salesman for a year from February 15, 1913, at $3,000 per annum. The contract is in a letter, which reads:

"We herewith beg to confirm arrangement whereby you are to cover the Western territory for us with the retail trade, salary to be at the rate of $3,000 per annum, and your services to commence on February 15th, unless it is your judgment that it will be wise to start out a little earlier than this; in the meantime we would thank you to unofficially spend as much time as you care to in getting acquainted with our merchandise and mapping out a plan for the future. Trusting that the arrangement will be permanent and to our mutual benefit, we remain."

[1] All parol negotiations prior to the signing of the above letter are merged therein. Wightman v. N. Y. Life Ins. Co., 119 App. Div. 496, 498, 104 N. Y. Supp. 214. Because of a change in defendant's plans, plaintiff was discharged on March 15th. At the close of plaintiff's case, defendant moved to dismiss; the motion was denied, and defendant excepted.

[2] A hiring at the rate of so much per year, no time being specified, is an indefinite hiring; and such a hiring is a hiring at will, and may be terminated at any time by either party. Martin v. Insurance Co., 148 N. Y. 117, 121, 42 N. E. 416; United States v. U. S. Fidelity & Guaranty Co., 139 App. Div. 262, 264, 123 N. Y. Supp. 938; Outerbridge v. Campbell, 87 App. Div. 597, 599, 84 N. Y. Supp. 537; Granger v. American Brewing Co., 25 Misc. Rep. 701, 702, 55 N Y. Supp. 695.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.