GRESSING v. MUSICAL INSTRUMENT SALES CO.    (No. 7413.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

MASTER AND SERVANT ⊂⇒8—CONTRACT OF HIRING—CONSTRUCTION.

A contract of hiring was contained in letters stating that the defendant would pay the plaintiff a certain per cent. on sales in each store in which defendant had goods on sale, he paying also a salary of $3,000, and guaranteeing a net income of not less than $4,000 per annum, and this agreement to follow plaintiff in each succeeding year. *Held* not a hiring for a year, but a general or indefinite hiring, which is prima facie at will.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 8–10, 17; Dec. Dig. ⊂⇒8.]

Hotchkiss, J., dissenting.

Appeal from Trial Term, New York County.

Action by Otto A. Gressing against the Musical Instrument Sales Company. From a judgment on verdict for plaintiff, and from an order denying its motion for new trial, defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

William B. Ellison, of New York City, for appellant.
John J. Connell, of New York City, for respondent.

INGRAHAM, P. J.    Plaintiff brings this action, based upon a breach of a contract of employment contained in two letters written by the defendant to the plaintiff, copies of which are annexed to the complaint. There is no allegation and no proof of any other contract, except that contained in these two letters. In the first letter, dated July 19, 1912, the defendant stated his proposition to the plaintiff, and, after reciting certain contracts that the defendant had with two firms who had department stores in the city of New York, the letter continued:

"We will agree to pay you one-half of 1 per cent. on sales up to the guaranty in each respective store. Taking, for example, McCreery's Twenty-Third Street Store, we will pay you one per cent. commission; in McCreery's Thirty-Fourth Street Store we will pay you one-half of 1 per cent. commission on sales up to $100,000, and 1 per cent. commission on sales above this amount; in O'Neill-Adams', one-half of 1 per cent. on talking machine sales up to $150,000, and 1 per cent. on sales above this amount, paying you also a

salary of $3,000 per annum, and guaranteeing you a net income of not less than $4,000 per annum."

The further letter of July 26, 1912, apparently has no relation to the term of plaintiff's employment. In charging the jury the court said:

"It is the duty of the court to construe written agreements, and in the construction of that instrument I construe it to be a contract for a year, and I charge you, as matter of law, that there was a contract in this case for a year."

And to this charge the defendant excepted. I think the court was wrong in this construction of the contract. It is settled in this state that:

"The rule is inflexible that a general or indefinite hiring is prima facie a hiring at will; and if the servant seeks to make it out a yearly hiring, the burden is upon him to establish it by proof. A hiring at so much a day, week, month, or year, no time being specified, is an indefinite hiring, and no presumption attaches that it was for a day even, but only at the rate fixed for whatever time the party may serve. * * *" Vann, J., in Watson v. Carmelo Gugino, 204 N. Y. 535, 98 N. E. 18, 39 L. R. A. (N. S.) 1090, Ann. Cas. 1913D, 215.

This was a restatement of the rule stated in Martin v. New York Life Ins. Co., 148 N. Y. 117, 42 N. E. 416, where it was said:

"A contract to pay one $2,500 a year for services is not a contract for a year, but a contract to pay at the rate of $2,500 a year for services actually rendered, and is determinable at will by either party."

See, also, Cuppy v. Stollwerck, 158 App. Div. 628, 143 N. Y. Supp. 967.

We can find nothing in this contract which takes this case out of the inflexible rule thus stated. In this contract there was no agreement to hire the plaintiff at all. What the defendant agreed to was to pay plaintiff 1 per cent. on sales up to the guaranty in each respective store, and they took, for example, a store upon which defendant was to pay the plaintiff, one-half of 1 per cent. on sales up to $50,000 and 1 per cent. on sales above that amount. Both parties evidently contemplated that plaintiff would remain in defendant's employ for some period, as it is said in the letter that this agreement would follow plaintiff in each succeeding year without its being necessary for plaintiff to ask for a new agreement, "as, of course, it will work automatically." I can see nothing in this agreement, however, to indicate that plaintiff was to remain in defendant's employ for any period. This contract was to work automatically, by which plaintiff was to be entitled to receive the commissions stated for the period in which he continued in defendant's employ; but either party had the right to terminate the employment at any time, when, of course, the commissions would cease. The defendant further agreed that the defendant was to pay plaintiff a salary of $3,000 per annum, and guaranteed him a net income of not less than $4,000 per annum. But this, under the cases cited, was simply a criterion by which the amount that plaintiff should receive for the services that he rendered was to

be determined, and there is nothing in either of these contracts, as I read it, employing the plaintiff for any period, or entailing upon either party an obligation either to continue the services or to pay compensation after the employment was terminated.

I think, therefore, that the judgment appealed from must be reversed, and, as the cause of action of plaintiff's complaint is based entirely upon these letters, that the complaint should be dismissed, with costs to the defendant in this court and the court below.

CLARKE, SCOTT, and DOWLING, JJ., concur.

HOTCHKISS, J. (dissenting). It was undisputed that when plaintiff entered its employ defendant was about to open branches for the sale of its goods in various department stores, and that defendant sought plaintiff's services to open and manage these branches. The contract of hiring was expressed in a letter written by defendant's president in its name, the terms of which letter were accepted by plaintiff. The essential portions of the letter were as follows:

"On account of the different guaranties that we have made to the different stores with whom we will do business, I am going to change my proposition to you slightly as follows: In McCreery's Twenty-Third Street Store, we have agreed to do $50,000 worth of talking machine business; McCreery's Thirty-Fourth Street Store, $100,000 worth of talking machine business; O'Neill-Adams', we have agreed to do $150,000 worth of talking machine business; in other words, guaranteeing $300,000 worth of talking machine business in the three establishments. We will agree to pay you one-half of 1 per cent. on sales up to the guaranty in each respective store. Taking, for example, McCreery's Twenty-Third Street Store, we will pay you one-half of 1 per cent. on sales up to $50,000, and on sales above this amount we will pay you 1 per cent. commission; in McCreery's Thirty-Fourth Street Store we will pay you one-half of 1 per cent. commission on sales up to $100,000, and 1 per cent. commission on sales above this amount; in O'Neill-Adams', one-half of 1 per cent. on talking machine sales up to $150,000, and 1 per cent. on sales above this amount, paying you also a salary of $3,000 per annum, and guaranteeing you a net income of not less than $4,000 per annum."

The plaintiff testified without contradiction that the agreements above referred to for minimum sales meant sales covering a period of one year (folio 83). The decision in Martin v. N. Y. Life Ins. Co., 148 N. Y. 117, 42 N. E. 416, reaffirmed in Watson v. Gugino, 204 N. Y. 535, 98 N. E. 18, 39 L. R. A. (N. S.) 1090, Ann. Cas. 1913D, 215, settled the law in this state that a general or indefinite hiring is prima facie a hiring at will, and that a hiring which specifies the rate of compensation as at so much a day, week, month, or year without words to indicate the period of the engagement, is an indefinite hiring. The rule is a strict one, and in the cases in which it has been applied, there was, as Judge Vann said in Watson v. Gugino, page 542 of 204 N. Y., page 20 of 98 N. E., 39 L. R. A. (N. S.) 1090, Ann. Cas. 1913D, 215, "nothing in the context to enlarge the covenant, and no stipulation inconsistent with a hiring at will." In addition to the two foregoing cases, the following are illustrations of the class of cases where the rule has been applied and the hiring has been held indefinite because of the absence of anything to indicate a different intention: Crotty v. Erie R. R. Co., 149 App. Div. 262,

133 N. Y. Supp. 696; Tucker v. Philadelphia & Reading Iron Co., 53 Hun, 139, 6 N. Y. Supp. 134; Feiber v. Holmes Silk Mills, 143 N. Y. Supp. 1014; Frankel v. Central R. R. Co., 114 N. Y. Supp. 137.

Turning to defendant's letter as explained by the undisputed testimony, we first find the statement that the defendant had agreed (guaranteed) during the period of one year next following the commencement of the business with respect to which it proposed to employ plaintiff to effect a minimum amount of sales at the several designated locations, following which the defendant said:

"We will agree to pay you one-half of 1 per cent. *on sales up to the guaranty* in each respective store, * * * *and on sales above this amount* we will pay you 1 per cent. commission, * * * paying you also a salary of $3,000 per annum and guaranteeing you a net income of not less than $4,000 per annum."

It seems to me clear that it was plaintiff's right to be afforded an opportunity to earn the minimum commission of one-half of 1 per cent., if not the greater commission of 1 per cent. on sales in excess of the stipulated minimum, and this could not be unless he was permitted to remain in defendant's service for at least the period which it had fixed as that within which its sales would amount to at least the minimum sum. Furthermore, although the words "paying you also a *salary* of $3,000 per annum," standing alone, undoubtedly would not be sufficient to imply a yearly hiring, I think the additional words, "guaranteeing you a net income of not less than $4,000 per annum," are of convincing significance when one considers that the "net income" was to be earned on the basis of plaintiff's service in connection with sales running over a period of one year. Necessarily the obligations with respect to the $4,000 guaranty were reciprocal; defendant having the right to insist that plaintiff should serve at least one year before he could claim any default on the guaranty, during all of which year plaintiff was himself obligated to serve. Inasmuch as the instrument in question was wholly drafted by the defendant, its phrases are to be construed strictly against it. Marshall v. Sackett & Wilhelms Co., 166 App. Div. 141, 144, 151 N. Y. Supp. 1045.

I think the judgment was right, and should be affirmed.