In the Matter of the Application of EMANUEL SCHWARTZ, a Director of WHITEHOUSE LEATHER PRODUCTS COMPANY, INC., a Domestic Corporation, to Inquire into the Validity of His Removal as Director, and Proposed Election of a Director in His Place.

Supreme Court, New York Special Term, October, 1922.

Corporations — by-law providing for removal of director by vote of the stockholders owning more than two-thirds of the stock is legal — when court will not inquire into validity of removal thereunder.

A resolution of the board of directors of a manufacturing corporation adopting a by-law to the effect that " any one or more of the directors may be removed either with or without cause at any time by a vote of stockholders holding more than two-thirds of all of the issued and outstanding stock of the company at any such special meeting called for that purpose," was ratified at a meeting of the stockholders. Thereafter at a special meeting of the stockholders representing more than two-thirds of the stock outstanding, petitioner, a stockholder who had voted in favor of the resolution ratifying said by-law, was over his protest removed as a director. *Held*, that upon ratification the by-law was legal and a motion by petitioner for an order to inquire into the validity of his removal as a director will be denied.

APPLICATION to inquire into the validity of the removal of a director of a corporation.

*Meyer Levy*, for petitioner.

*Milton C. Baldridge*, for respondent.

MARTIN, J. This is an application for an order inquiring into the validity of the removal of Emanuel Schwartz, as a director of White-house Leather Products Company, Inc., and the proposed election

of another director in his place. It is contended that the removal and election were illegal and void and that Schwartz should, therefore, be reinstated as director. On or about December 5, 1921, Vira B. Whitehouse entered into an agreement with James L. Murphy to purchase the majority of the stock of the Buchan-Murphy Manufacturing Company, Inc. The name of the company was changed to Whitehouse Leather Products Company, Inc. The agreement provided that the vendor would vote all his stock, or any stock over which he had dominion or control, in favor of amendments to the by-laws, so that these amendments should be in the form annexed to the agreement, and should be submitted at a special stockholders' meeting to be called at purchaser's option for the purpose of amending the by-laws. The by-laws annexed to the agreement provided, in part, that " any one or more of the directors may be removed either with or without cause at any time by a vote of stockholders holding more than two-thirds of all of the issued and outstanding stock of the company at any such special meeting called for that purpose." Vira B. Whitehouse purchased 320 shares out of a total of 480 shares at that time issued and outstanding. On December 5, 1921, after the making of the agreement, a meeting of the directors of the Buchan-Murphy Manufacturing Company, Inc. (now The Whitehouse Leather Products Company, Inc.), was held and the directors unanimously agreed to adopt a resolution repealing the by-laws then in force, then adopted by-laws in the form provided in the said agreement. The petitioner herein, Emanuel Schwartz, was then a director of the company and voted in favor of the resolution. On December 19, 1921, a meeting of the stockholders was held which voted to ratify the resolution of the board of directors, adopting the by-laws referred to. Of the 480 shares of capital stock outstanding, 434 shares were represented and were voted in favor of the adoption of the by-laws. The petitioner was a stockholder, was present at the meeting and voted for the ratification of the resolution. On February 15, 1922, at the annual meeting of the stockholders, Schwartz was re-elected a director and contends that he was to serve for a period of one year, to begin on the day of his election. Subsequently 150 shares of stock of the company were issued. Vira B. Whitehouse purchased this stock, 110 shares being issued in her name, 40 shares in the name of Narcissa C. Vanderlip, the total amount of stock then outstanding being 630 shares. On August 8, 1922, a special meeting of the stockholders was held for the purpose of removing one of the directors. At that meeting Schwartz, over his protest, was removed as a director. He asserts that after he and Mr. Murphy, another director, had left the

meeting, and after he had been told by Vira Whitehouse, the chairman, that action would not then be taken for his removal as a director, the resolution removing Schwartz as a director was adopted by stockholders representing 430 shares, or more than two-thirds of the stock outstanding. This is denied in the opposing papers. In my opinion, inasmuch as the by-law in question was adopted or ratified by the stockholders, it is legal. In *Matter of Korff*, 198 App. Div. 553, the court, at page 559, said: " The by-laws contain no provision warranting the removal of any officer or director and without such warrant provided by the by-laws there could be no removal from office without cause. (*Raub v. Gerken*, 127 App. Div. 42; *People ex rel. Manice v. Powell*, 201 N. Y. 194.)" It was within the power of the stockholders to remove petitioner without cause in view of the by-law, especially as petitioner as a stockholder voted in favor of the resolution ratifying or adopting such by-law. Petitioner says that the agreement under which Vira B. Whitehouse obtained control of the corporation and that an issue of stock which she acquired without notice to one of the stockholders were illegal. The court on this motion cannot pass upon these questions. Motion denied, with ten dollars costs.

Ordered accordingly.