## In the Matter of CLAIRE SINGER, Petitioner. STATE LAUNDRY Co., INC., et al., Respondents.

Supreme Court, Special Term, New York County, May 9, 1947.

*Donald I. Peyser* and *Benjamin Busch* for petitioner.

*Abraham L. Pomerantz* for respondents.

HOFSTADTER, J. Petitioner, a shareholder of the State Laundry Co., Inc., owning or interested in one fifth of the issued and outstanding stock of that corporation, seeks an order setting aside a meeting of the stockholders of the corporation held on April 8, 1947, at which directors were removed and new directors elected. There is no question that timely and proper notice of meeting was given. The notice was for a special meeting of stockholders " (1) to remove all of the directors, or persons claiming or pretending to be directors of the corporation " and " (2) to fill vacancies in the board of directors by electing a new board of directors."

Section 10 of article II of the by-laws of the corporation, which were in existence when petitioner was elected a director provides: " REMOVAL OF DIRECTORS. Any director may be removed at any time, without cause or charges, at a meeting called for that purpose by a plurality vote of the class of stockholders which elected him."

Petitioner contends that in the absence of statute or provision in the certificate of incorporation, authorizing the removal or suspension of a director, a director cannot, without cause, be removed or suspended from office until the end of the term for which he was elected. Since no claim is made that the directors here were removed for cause, it is urged that their removal is unauthorized and illegal. The question posed is whether the by-laws of a corporation, which provide for the election of directors and their tenure, may legally provide for their removal, without cause, by the stockholders.

It has been held that such by-laws are valid and authorize stockholders to remove directors. (*Abberger* v. *Kulp*, 156 Misc. 210; *Matter of Schwartz*, 119 Misc. 387; *Cuppy* v. *Stollwerck Brothers, Inc.*, 158 App. Div. 628, revd. 216 N. Y. 591.)

Petitioner relies upon the language in *People ex rel. Manice* v. *Powell* (201 N. Y. 194) where the court said (p. 202): " Without some statute or provision of the charter authorizing his removal or suspension, a director cannot be removed or superseded from office until the end of his term, at least without cause." However, in that case there was involved a charter provision enacted after the director's accession to office. The court did not have before it any question of the validity of a by-law enacted before the director was elected. The language quoted above must be read in the context of the case, namely, the effect of an ex post facto charter amendment. In *Cuppy* v. *Stollwerck Brothers, Inc.*, (216 N. Y. 591, *supra*), the by-law provided that the board of directors " * * * by a majority vote may at any regular or special meeting remove a director or officer and by like vote fill the vacancy so created." The court there held that such by-law did not authorize the termination of the plaintiff's employment as general manager. The court said (p. 597): " When he was elected as a director of the corporation he held that office under the provisions of the by-law subject to removal of the board of directors. The power to remove him from the office to which he had been elected did not carry with it the right to discharge him from the employment of the defendant in view of the special contract for a fixed term under which he was employed." There is no suggestion in that case that such a by-law would be invalid.

Finally, the power to remove " any " director permits the removal of " all " directors. The word " any " has been judicially defined to mean " all." (*Matter of Watson*, 144 Misc. 213; *Matter of Schuster*, 111 Misc. 534.)

I must hold, therefore, that the by-law authorizing removal of directors was valid, that the meeting of April 8, 1947, was properly called and the action taken thereat was legal. The motion is in all respects denied. Settle order.